## Case No. 8,073.

### LANNING v. DOLPH et al.

[4 Wash. C. C. 624.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1826.

EVIDENCE — TRANSCRIPT OF IMPERFECT RECORD— DEED ACKNOWLEDGED AFTER SUIT—AFFIDAVIT NOT CERTIFIED—JURISDICTION—AMOUNT IN CONTROVERSY—DISMISSION OF CASE SET ASIDE.

1. A transcript of an imperfect record of a judgment and execution offered in evidence to support a sale and sheriff's deed made under it, admitted.

2. A deed may be given in evidence. although it was acknowledged or proved after the suit brought.

3. An affidavit made in connection with a warrant of survey. and not certified as an office paper in the land office, cannot be given in evidence.

4. In ejectment, where the value of the matter in dispute is not averred in the declaration, evidence cannot be given of it by the defendant. If intended to be controverted, it should have been put in issue by plea; but the court will not admit such a plea pending the trial.

5. The value of the land not being stated in the declaration, the court, pending the trial, on motion. dismissed the suit; condemning at the same time the practice which had prevailed, of deciding a question of jurisdiction. except on a plea to it; and expressing a willingness at any time to hear the question discussed.

[Cited in Fisher v. Rutherford. Case No. 4.823; Donaldson v. Hazen, Id. 3.984; Crawford v. Burnham. Id. 3,366; Simon v. House, 46 Fed. 318.]

[Cited in Tuttle v. Jackson. 6 Wend. 222.]

6. When the court will set aside a dismission of a cause without costs.

This ejectment [by Lanning against Moses Dolph, John Ferris, and Samuel Ferris] was to recover four hundred and thirty acres of land in Luzerne county, surveyed in the name of David Brown. It is one of the sixteen surveys mentioned in the case of Lanning v. London [Case No. 8,074], and the same, or nearly the same evidence was given in both cases. Upon the trial of this case, the plaintiff offered in evidence the sheriff's deed of the 6th of May, 1802, for one third of Eddy's interest in the land conveyed by Thomas to Eddy and Hollenback, to Samuel W. Fisher; and to prove the authority of the sheriff to make the conveyance, he gave in evidence the transcript of a record of one of the courts of this state as follows, viz. "Scire facias sur mortgage al. scire facias, returned nihil." Then a short entry of a judgment in this suit. Fisher v. Eddy [unreported], for such a sum of money and costs. Then follows the alias levari facias, in extenso, under which this land was sold; and the return. The clerk subjoins a certificate that the above and foregoing is a true and faithful copy of the record and proceedings of said court in an action of scire facias sur mortgage, between Samuel W.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

Fisher and George Eddy, so far as the same can be found on the records or amongst the files of said court, and that after diligent search for the original scire facias, al. scire facias levari facias, the same could not be found. This evidence was objected to by the defendants' counsel, because the paper certified as a transcript of the record does not contain all the process and proceedings in the cause, but merely the short entries of them, and that the want of those proceedings cannot be supplied by the certificate of the clerk.

C. J. Ingersoll and Mr. Scott, for plaintiff.

Mr. Chauncey, Mr. Tilghman, and J. R. Ingersoll, for defendants.

WASHINGTON, Circuit Justice. If this were a case before the supreme court of this state, upon a writ of error, the regularity of the proceedings in the court below, and of the transcript of the record, might be questions proper for the consideration of that court. But they are not matters of inquiry before this court, where the transcript is introduced collaterally, not for the purpose of deciding upon the regularity or validity of the proceedings in the state court, but of showing that the sheriff had authority to sell and convey this land, as he has done. This authority depends on the judgment and execution under which the officer acted, and these the transcript now offered 'in evidence fully exhibits. The clerk certifies that this transcript contains a true copy of the record and proceedings of the court in the action referred to, so far as they can be found on the records, or amongst the files of the court, and if the official keeper of the records is not competent to certify that. so as to make it evidence, we know not what matters are within his province to certify. The evidence then must be admitted.

No evidence being given that either of the Ferris were at any time in possession of any part of this land, THE COURT, on the motion of defendants' counsel, who wished to examine them as witnesses, directed the jury to find a verdict at the bar in their favour, which was accordingly done.

The defendant then offered in evidence the exemplification of a deed from Isaac Trip to Aaron Dolph, which was objected to as irrelevant, until evidence was given to connect it with this defendant and this land.

THE COURT admitted the deed to be read, observing at the same time that it would be of no avail unless the defendant should prove an interest in Trip, and that the deed applies to this land, and then connect Moses Dolph with it.

A deed from Aaron to Moses Dolph for the land mentioned in the above deed from Trip, was then offered and objected to, because the deed was acknowledged and recorded after this suit was brought.

THE COURT said this was no objection. The acknowledgment and recording relate back to the execution of the deed.

The affidavit of Isaac Trip, dated the 6th of June, 1793, was offered in evidence, in connection with a warrant to survey two hundred and twenty acres for him, including his improvement.

This was objected to, as it does not appear to be certified as a land office paper, and is therefore no more than an exparte affidavit. THE COURT for these reasons refused it.

The defendant then produced a witness, for the purpose of proving that the land in controversy, in possession of Moses Dolph, was not of the value of $500, which evidence was objected to by the plaintiff's counsel.

WASHINGTON, Circuit Justice. The value of the land in dispute not being averred in the declaration, is not now a matter in issue before the jury, and no evidence can be given respecting it; nor can the jury properly pass upon that question. If the defendant meant to put it in issue, he ought to have pleaded that the matter in dispute did not exceed, exclusive of costs, the value of $500.

The defendant then offered a plea to the jurisdiction, founded upon the value of the matter in controversy.

WASHINGTON, Circuit Justice, stated, that although the court had power, unlimited only by its discretion, to admit amendments, at any time, still, in the exercise of that discretion, amendments would not be admitted where they were calculated to produce great irregularity and inconvenience, as would be the inevitable consequence of receiving this plea in this stage of the cause. The plea, without a replication and issue, could not go to the jury, and how can the court compel the plaintiff now to reply, or to tender an issue? He might choose to demur, or might refuse to do either. Then what becomes of the plea, or how could it avail the defendant, if it were received? The only consequence would be to discharge the jury; and this the court would not do, as the defendant ought to have filed the plea, if he meant to rely upon it, in proper season.

The defendant then moved to dismiss this suit, on the ground that the want of jurisdiction appears upon the face of the proceedings, the declaration not stating the value of the matter in dispute, which is as essential to the jurisdiction of the court as the character of the parties to the suit. The counsel cited the following cases: Adams, Ej. 289, 328; Judiciary Act, §§ 11, 20 [1 Stat. 78, 83]; Ing. Dig. 370. 373; [Turner v. Bank of North America] 4 Dall. [4 U. S.] 10; 1 Mass. 520; 1 Sand. 73; 9 Mod. 95; 2 Wils. 16; 1 Term R. 151; [McCormick v. Sullivant] 10 Wheat. [23 U. S.] 199. Also the following cases: Bingham v. Cabot, 3 Dall. [3 U. S.] 382; Turner v. Enrille, 4 Dall. [4 U. S.] 7; Turner v. Bank of North America, Id. 8; Wilson v. Daniel, 3 Dall. [3 U. S.] 401; [Abercrombie v. Dupuis] 1 Cranch [5 U. S.] 343; [Wood v. Wagnon] 2 Cranch [6

U. S.] 9; [Capron v. Van Noorden] Id. 126; [Kempe v. Kennedy] 5 Cranch [9 U. S.] 173; [Sullivan v. Fulton Steamboat Co.] 6 Wheat. [19 U. S.] 450; [Green v. Liter] 8 Cranch [12 U. S.] 242; Browne v. Browne [Case No. 2,035]; Ex parte Cabrera [Id. 2,278]; [Peyton v. Robertson] 9 Wheat. [22 U. S.] 527; The Jerusalem [Case No. 7,294].

The plaintiff's counsel insisted that the damages being laid at $3,000 sufficiently supports the jurisdiction; that, ejectments being merely fictitious actions to recover a term, it would be absurd to state the value of the matter in dispute; that the practice in relation to this matter ought to be considered as settled by the opinions of the professional men, and the tacit acquiescence of the courts, since the value has never, from the commencement of the present government, been stated in actions of ejectment in this state, and many of those have gone to the supreme court, and been there decided, without this objection having been taken by the bar or by the bench. Cases cited [Hunt v. Rhodes] 1 Pet. [26 U. S.] 1; [Williamson v. Kincaid] 4 Dall. [4 U. S.] 20; 2 Starkie, 475.

WASHINGTON, Circuit Justice. An ejectment is a fictitious action, professing in its form to recover merely a term in the land, and damages for the ouster; and yet it would, at this day, be a waste of words, and of time, to attempt to prove, what is so well settled, that the right to the premises mentioned in the declaration is the sole matter in controversy; and that the damages claimed and recovered are merely nominal. The damages to which the lessor is entitled for the withholding from him the possession, forms the subject of a distinct action. Neither can the damages laid in the declaration be, by any fiction, applied to the land as indicating its value, since they are manifestly claimed as a compensation for the alleged trespass, and have no reference to the value.

Taking the land, then, as constituting the matter in dispute, the question is, whether it is essential, in order to give jurisdiction to the circuit courts of the United States, in actions of ejectment, to allege in the declaration that the value of the land, exclusive of costs, exceeds $500? This question we conceive to be definitely settled, in principle, by the decisions of the supreme court. The eleventh section of the judiciary act of 1789 declares that the circuit courts shall have original cognizance of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and the United States are plaintiffs, or petitioners, or an alien is a party, or the suit is between a citizen of the state where the suit is brought, and a citizen of another state. Now, the principles which have been decided by the cases referred to by the defendants' counsel are: (1) That the circuit courts are courts of limited jurisdiction. (2) That they are the creatures of the legislature, and can

exercise no jurisdiction but what is conferred upon them by congress. (3) That, as courts of limited jurisdiction, their proceedings are erroneous unless the ground of jurisdiction be stated in the pleadings. If it be not, the presumption of law is that the court has not jurisdiction of the case.

In the application of these principles, it has been repeatedly ruled, that where the jurisdiction depends upon the character of the parties, it is error, if it be not directly and plainly alleged in the declaration. It is not sufficient to state that the parties are of, or reside in, different states; they must be distinctly shown to be citizens of different states, if that be the ground of the jurisdiction. But the amount, or value of the matter in dispute, is as essentially a ground of jurisdiction as the character of the parties. What reason can be given why the latter must be stated in order to give validity to the proceedings of the court, which does not apply with equal force to the former? The ingenuity of the plaintiff's counsel has been taxed in vain to point out a difference; and we are quite satisfied that no difference exists. It seems that, in this district, it has been the uniform practice of the bar to omit to lay in their declarations in ejectment this ground of jurisdiction, and infinite mischief is apprehended should the court now condemn that practice. But we think this argument ab inconvenienti, is not sufficient to justify this court in upholding a practice which is at war with the plain words of an act of congress, with the uniform decisions of the supreme court, and with the soundest principles of law. Nor can it be correctly insisted that this practice has received the tacit sanction of this or of the supreme court, because the pleadings are never read in this court, unless where some question is likely to arise upon their form; nor can it be supposed that the form of a declaration in ejectment is attended to in the supreme court, unless it is brought to the view of that tribunal by some objection in it taken by counsel. It has been the practice of this court to permit the question of jurisdiction to be discussed upon the general issue, in reference to the characters of the parties, where they are stated in the declaration; because the fact of citizenship, or alienage, when so stated, has been considered as being put in issue, equally with the other material averments contained in it. It would follow, by analogy to that practice, that when, in ejectment, the value of the land in dispute is averred in the declaration, that that is also put in issue and may become a subject of inquiry before the jury upon the general issue. If the character of the parties, or the value of the matter in dispute, be not stated in the declaration, by which the defect of jurisdiction appears upon the face of the proceedings, we are of opinion that the court may at any time before judgment, dismiss the suit.

Whether the practice of permitting advantage to be taken of a defect of jurisdiction, when the same is stated in the proceedings. upon the general issue, without a plea to the jurisdiction, be correct or not, may well be questioned. The practice in England is to plead it specially, even in cases of ejectment, with the leave of the court; and there is certainly great inconvenience and mischief in that which has heretofore prevailed in the courts of this circuit. In the first place, the plaintiff, observing that no objection is specially made to the jurisdiction, may often be surprised by being called upon to prove the facts upon which it depends, and be unprepared to prove them. If he must always come prepared to establish them, he may nine times in ten be put to the trouble and expense of summoning witness to prove what will not be disputed. In the next place, the jury may find for the defendant upon the ground of want of jurisdiction, where the matter in controversy is admitted to be in favour of the plaintiff; who may thus be barred of his remedy in another court which has jurisdiction of the case. When I came to this court, I found the practice to be such as I have stated it, and I have only to regret that the court did not then establish what I have always considered to be a more correct practice. Whether it ought now to be changed, may be a question worth considering. At all events, I am now free to declare, that I hold myself open to hear that question discussed at any time when it may arise. The order of the court in respect to the present cause is that it be dismissed.

The plaintiff's counsel then moved for a rule to show cause why the order of dismission should not be set aside, the cause reinstated upon the docket, and the plaintiff have leave to amend his declaration by inserting the value of the matter in dispute. Upon the argument of this rule, the defendants' counsel insisted that, since it appeared by the affidavit to the plea in abatement, which had been offered to be filed during the trial, that the land held by Moses Dolph, was not of the value of $500, the court ought not to grant the leave asked to amend, without some ground being laid by affidavits, or otherwise, to induce a belief that the value of the land was above $500. But at all events it was insisted that the leave ought not to be granted but upon payment of costs.

WASHINGTON, Circuit Justice. Were the court to refuse the amendment for the reasons assigned, we should be led to prejudge the very question in controversy; which is, whether the whole 430 acres mentioned in the declaration, or the part thereof in possession of Dolph, constitutes the matter in dispute. The affidavit refers to the latter only. But the court in permitting or refusing the amendment has nothing to do with the facts of the case; and to require affidavits would be to introduce a new practice. The laying of the value of the land is an amendment in form in reference to the merits of the case, though substantial as to jurisdiction; and the court will

permit it to be made at any time, unless it should surprise the defendant; which cannot be pretended at this stage of the cause; and at any stage, the court in granting the amendment would guard the defendant against the consequences of surprise, by imposing terms. We think that this amendment should be granted without costs, which are imposed as a penalty for some default in the party asking for the amendment; which is not justly imputable to the plaintiff's counsel, who have only in this case added one more error to the common list of errors by which the practice of this court has been marked for forty years. If the plaintiff has been in default, so has been the defendant, who might, at any time since the institution of this suit, have moved to dismiss it for want of jurisdiction apparent in the proceedings. But the truth is, that fault is imputable to neither party. Let the rule be made absolute.

[For other ejectment cases brought by the same plaintiff against other defendants, see Cases Nos. 8,072, 8,074, 8,076.]