## Case No. 3,366.

### CRAWFORD v. BURNHAM.

[1 Flip. 116;[1] 4 Am. Law T. Rep. U. S. Cts. 228.]

Circuit Court, E. D. Michigan. Nov., 1871.

EJECTMENT—MATTER IN DISPUTE—JURISDICTION—CONSTRUCTION OF SECTION 11, ACT 1789.

The matter in dispute in ejectment suits in the United States courts, within the meaning of section 11, Act 1789 [1 Stat. 78], is the estate which is claimed in the declaration, and in order to give the court jurisdiction the value of the estate must appear in the declaration or by proof.

[Cited in Simon v. House, 46 Fed. 318.]

This was an action of ejectment brought to recover certain lands in the eastern district of Michigan. The plaintiff claimed the title to the same in fee. The declaration claimed $10,000 damages, and was framed under the statute of Michigan (section 4560). The value of the land was not stated therein. Defendants pleaded the general issue, and a jury being waived, the parties proceeded to trial on the issue at June term, 1871.

On the authority of Ex parte Bradstreet, 7 Pet. [32 U. S.] 647, the court permitted the plaintiff to give evidence as to the value of the premises, but that did not show that the property was worth above $500.

The evidence being in and both parties resting, counsel for defendant raised the point that the court could not longer hold jurisdiction, because the premises were not shown in the proof to be of more value than $500. They cited section 11, Judiciary Act 1789 [supra]; 4 Wash. C. C. 624 [Lanning v. Dolph, Case No. 8,073]; [Green v. Liter] 8 Cranch [12 U. S.] 229; 1 Paine, C. C. 486 [Smith v. Jackson, Case No. 13,065]; and [Ex Parte Bradstreet] 7 Pet. [32 U. S.] 634.

Plaintiff's counsel insisted that the damage claimed in the declaration far exceeded $500, and that was sufficient to give the jurisdiction, citing Pet. C. C. 64 [Hartshorn v. Wright, Case No. 6,169].

Henry B. Brown and Mr. Pond, for plaintiff.

Alfred Russell, for defendant.

LONGYEAR, District Judge. Under section 11 of the judiciary act of 1789 (1 Stat. 78), defining the jurisdiction of the circuit court, the existence of the fact that "the matter in dispute exceeds, exclusive of costs, the sum or value of $500," is just as necessary as that "the suit is between a citizen of the state in which the suit is brought and a citizen of another state," or any other jurisdictional fact prescribed by said section.

Where the "sum or value" is stated in the declaration jurisdiction will be determined by the amount so stated, and when the amount so stated is sufficient to confer jurisdiction, such jurisdiction will not be affected, even though it should appear upon the trial that such "sum or value" is really less than the required amount. Gordon v. Longest, 16 Pet. [41 U. S.] 97; Hulsecamp v. Teel, 2 Dall. [2 U. S.] 358. Where, however, as in this case, the demand is not for money, and the nature of the declaration does not require the value of the thing demanded to be stated in the declaration, the practice of the United States courts is to allow the value to be given in evidence, as was done in this case. See Ex parte Bradstreet, 7 Pet. [32 U. S.] 634, 647; Green v. Liter, 8 Cranch [12 U. S.] 229; Hartshorn v. Wright [Case No. 6,169]. It is clear, however, by necessary inference from the cases above cited, as well as on principle, that in such cases the value of "the matter in dispute" must be either alleged or proven to exceed the sum of $500, and that in the absence of both such allegation and proof there is no jurisdiction, and the suit must be dismissed.

By the statutes of Michigan, which govern in this case, the action of ejectment is extended and enlarged so as to comprehend and include all cases in which it was formerly necessary to bring a writ of right, which latter writ is abolished. 2 Comp. Laws Mich. p. 1230, §§ 8, 4551, 4741. So that now the plaintiff in this action may set up and put in litigation the fee itself (as the plaintiffs have done in this case), or any less estate, as well as the mere right of present possession; and to this end it is further provided in the same statutes (page 1231, § 4563), that "in every other case," than where the action is brought for the recovery of dower, "the plaintiff shall state" in the declaration whether he claims in fee, or whether he claims for his own life, or the life of another, or for a term of years, or otherwise; specifying such lives or the duration of such term. And the judgment is made conclusive "as to the title established in such action" upon the party against whom the same is rendered, whether plaintiff or defendant of course, and against all persons claiming under such party by title accruing after the commencement of the suit. See page 1236, §§ 4588, 4590.

What then is the thing demanded, "the matter in dispute," in ejectment suits? Clearly, and it seems to me indisputably, it is the estate, title, interest or right in and to the lands in question, set up and claimed in the declaration. It is as to these that the plaintiff is expressly required to be specific in stating what he claims, as to what an issue is joined, and judgment is given. It is true, the action sounds in damages as well. It is to be observed, however, that it sounds in damages only, the recovery of damages not being its original or principal purpose. Damages in such case, under the main issue as to

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

the right, title, or estate, are given only in case of recovery by plaintiff upon that issue, and are for the supposed trespass by the defendant in unlawfully withholding possession from the plaintiff, and have no reference to the value of the land. They are, therefore, merely incidental to, and contingent upon, the result of the main issue. It is to be observed, moreover, that under this issue the damages are, in practice, only nominal. That they were so regarded by the legislature is evident from the fact that in the statutes, before alluded to, such damages are expressly so nominated. 2 Comp. Laws Mich. p. 1231, § 4560. See, also, Lanning v. Dolph [Case No. 8,073]. Formerly, the real damages in such cases could be recovered only in a separate action. Now, they may be recovered in the same suit, but not in or by the verdict and judgment upon the main issue. Such recovery can be had only after such verdict and judgment, and upon a new issue joined upon a suggestion of damages, as required by the statutes before alluded to. 2 Comp. Laws, p. 1237, § 4596 et seq. I hold, therefore, that in the action of ejectment, the land and premises demanded, when claimed by the plaintiff in fee, as in this case, or when a less estate than the fee is claimed, then the estate, title, interest, or right claimed, as set up in the declaration, is "the matter in dispute" within the meaning of section 11 of the judiciary act of 1789; and that in order to confer jurisdiction upon this court in such cases, it must appear by allegation in the declaration, or by proof, that the value of such land and premises, or of such estate, title, interest, or right, so claimed, exceeds $500.

Such not being made to appear in this case, there is no jurisdiction of the subject matter of the suit in this court. The suit must, therefore, be dismissed, with costs to the defendants.