## SIMON et al. v. HOUSE et al.

*(Circuit Court, W. D. Texas, San Antonio Division. May 4, 1891.)*

1. **FEDERAL COURTS—JURISDICTIONAL AMOUNT.**
   In a proceeding to set aside certain conveyances as fraudulent and a cloud upon the plaintiffs' title, the "matter in dispute," within the meaning of Act Cong. Aug. 13, 1888, (25 St. p. 434, § 1,) limiting the jurisdiction of the United States circuit court, is the value of the land.

2. **SAME—EVIDENCE.**
   Where, in such a case, the plaintiffs allege that the value of the land is more than $2,000, but it appears by undisputed testimony in support of a plea to the jurisdiction that it was much less, an order of dismissal must be entered in accordance with the provisions of Act Cong. March 3, 1875, § 5, 18 St. p. 472.

In Equity. On plea to the jurisdiction.

*Green & Green*, for plaintiffs.

*McLeary & Fleming*, for defendants.

MAXEY, J. The plaintiffs, Joseph Simon and Joseph Kohn, claiming to be the purchasers at execution sale of a tract of land containing 177 acres, and alleged to be worth the sum of $2,500, filed their bill of complaint, April 23, 1889, against Alfred House, Fly & Davidson, and H. W. Nott, praying for the cancellation of certain alleged fraudulent conveyances of said land executed by House to Fly & Davidson, and from Fly & Davidson to Nott. The bill also alleges that the deeds referred to operate as a cloud upon the title of plaintiffs, and further prays that the cloud may be removed. A plea to the jurisdiction was interposed by the defendants, June 29, 1889, in which it is, in substance, averred that the valuation placed upon the land by the plaintiffs in their bill is excessive; that the true value of the land is, and was at the time of the institution of the suit, far below $2,000, and that it does not now, nor did it then, exceed in value $1,200; that plaintiffs well knew that the matter in dispute, to-wit, the said tract of land, did not exceed in value $2,000; and that the allegation of value, as contained in the bill, is false, and was fraudulently made, for the purpose of conferring jurisdiction upon this court. On August 1, 1889, replication was filed by the plaintiffs, and issue joined on the plea. In support of the averments of their plea touching the value of the land, the defendants took the depositions of five witnesses, four of whom estimate the value at $1,062, inclusive of improvements, and the fifth at not exceeding $1,416, with improvements included. The testimony was published and delivered to the attorney of plaintiffs, October 18, 1889, but no testimony was taken by the plaintiffs to sustain the allegations of the bill. At the November term, 1890, the cause was submitted to the court on the pleadings and proofs, and a ruling requested upon the jurisdictional question thus appearing of record. It is provided by the act of August 13, 1888, "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, * * * in which

there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid;" that is, $2,000. 25 St. at Large, p. 434, § 1. "By matter in dispute," says the supreme court, "is meant the subject of litigation; the matter for which the suit is brought, and upon which issue is joined, and in relation to which jurors are called and witnesses examined." *Lee* v. *Watson*, 1 Wall. 339. To ascertain the value of the matter in dispute, in cases where jurisdiction is sought on the ground of the amount in controversy, resort must be had to the character of the action. Thus in a suit upon a money demand, where the general issue is pleaded, the matter in dispute is the debt claimed. *Lee* v. *Watson, supra; Schacker* v. *Insurance Co.*, 93 U. S. 241; *Gray* v. *Blanchard*, 97 U. S. 565. In suits sounding in damages, the damages claimed give the jurisdiction. *Barry* v. *Edmunds*, 116 U. S. 550, 6 Sup. Ct. Rep. 501; *Smith* v. *Greenhow*, 109 U. S. 669, 3 Sup. Ct. Rep. 421; *Dwyer* v. *Bassett*, 63 Tex. 276. In a case impeaching the right to an office, it is held that the amount of the salary attached to it is considered as determining the value of the matter in dispute. *Smith* v. *Adams*, 130 U. S. 175, 9 Sup. Ct. Rep. 566, citing *Smith* v. *Whitney*, 116 U. S. 167, 6 Sup. Ct. Rep. 570. The value of the interest or estate claimed in ejectment suits determines the jurisdiction. *Crawford* v. *Burnham*, 1 Flip. 117; *Lanning* v. *Dolph*, 4 Wash. C. C. 624; *Green* v. *Liter*, 8 Cranch, 242; *Railway Co.* v. *Smith*, 135 U. S. 195, 10 Sup. Ct. Rep. 728; *Grant* v. *McKee*, 1 Pet. 248. And it is ruled by the supreme court that "a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court, under the statute, only by the value of the property affected." *Smith* v. *Adams, supra; Parker* v. *Morrill*, 106 U. S. 1, 1 Sup. Ct. Rep. 14. See *Fuller* v. *Grand Rapids*, 40 Mich. 395. It follows that the matter in dispute here is the tract of real estate described in the bill, and its value must therefore be looked to in order to ascertain whether the court has jurisdiction of the suit. Where the jurisdiction is dependent upon the value of the matter in dispute, it is not less necessary that the jurisdictional facts should appear than in those cases where jurisdiction is invoked on the ground of diverse citizenship; for the one is as essentially a ground of jurisdiction as the other. 4 Wash. C. C., *supra;* 1 Flip., *supra.* And in all cases the facts on which the jurisdiction of the circuit courts depend must, in some form, appear on the face of the record. *Insurance Co.* v. *Rhoads*, 119 U. S. 237, 7 Sup. Ct. Rep. 193; *Halsted* v. *Buster*, 119 U. S. 341, 7 Sup. Ct. Rep. 276; *Railway Co.* v. *Swan*, 111 U. S. 379, 4 Sup. Ct. Rep. 510; *Bors* v. *Preston*, 111 U. S. 252, 4 Sup. Ct. Rep. 407; *Morris* v. *Gilmer*, 129 U. S. 315, 9 Sup. Ct. Rep. 289; *Menard* v. *Goggan*, 121 U. S. 253, 7 Sup. Ct. Rep. 873; *Everhart* v. *College*, 120 U. S. 223, 7 Sup. Ct. Rep. 555. The reason given for the rule is expressed in the following language of the supreme court:

"As the jurisdiction of the circuit court is limited, in the sense that it has no other jurisdiction than that conferred by the constitution and laws of the United States, the presumption is that a cause is without its jurisdiction, un-

less the contrary affirmatively appears." *Grace* v. *Insurance Co.,* 109 U. S. 283, 3 Sup. Ct. Rep. 207; *Bors* v. *Preston, supra; Railway Co.* v. *Swan, supra.*

Where a suit is not within its jurisdiction, it is the duty of the court, enjoined by the fifth section of the act of March 3, 1875, (18 St. at Large, 472,) which is not repealed by the act of August 13, 1888, to enter an order of dismissal. That section provides—

"That if, in any suit commenced in a circuit court, * * * it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought, * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable * * * under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit, * * * and shall make such order as to costs as shall be just."

Referring to the foregoing section of the act of 1875, in *Williams* v. *Nottawa,* 104 U. S. 212, the supreme court says:

"In this connection we deem it proper to say that this provision of the act of 1875 is a salutary one, and that it is the duty of the circuit courts to exercise their power under it in proper cases." *Farmington* v. *Pillsbury,* 114 U. S. 144, 5 Sup. Ct. Rep. 807; *Little* v. *Giles,* 118 U. S. 603, 604, 7 Sup. Ct. Rep. 32.

From an examination of the authorities, it will be seen that, while the effect of all the provisions of the act of 1875 taken together was to greatly enlarge the jurisdiction of the circuit court, the purpose of the fifth section was to confine the jurisdiction to cases clearly within its cognizance; and, to emphasize that purpose, provision is made for a summary dismissal, if it shall appear to the satisfaction of the court, at any time after the suit is brought, that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court. That section of the act goes further, and relaxes the strictness of the old rule in regard to the manner in which certain jurisdictional questions were required to be raised. For example, it was formerly held that, when the pleadings properly averred the citizenship of the parties, the defendant could only dispute the allegation of citizenship in the declaration by a plea in abatement filed in the due order of pleading. *Jones* v. *League,* 18 How. 81; *Wickliffe* v. *Owings,* 17 How. 47; *Sheppard* v. *Graves,* 14 How. 505; *Livingston* v. *Story,* 11 Pet. 351; *De Sobry* v. *Nicholson,* 3 Wall. 423. See *Farmington* v. *Pillsbury, supra.* Now, however, that rule does not obtain. It is said by the court in *Morris* v. *Gilmer,* which explains and limits *Hartog* v. *Memory,* 116 U. S. 588, 6 Sup. Ct. Rep. 521, that—

"While, under the judiciary act of 1789, an issue as to the fact of citizenship could only be made by a plea in abatement, when the pleadings properly averred the citizenship of the parties, the act of 1875 imposes upon the circuit court the duty of dismissing a suit, if it appears at any time after it is brought, and before it is finally disposed of, that it does not really and substantially involve a controversy of which it may properly take cognizance. * * * And the statute does not prescribe any particular mode in which such fact may be

brought to the attention of the court. It may be done by affidavits, or the depositions taken in the cause may be used for that purpose. However done, it should be upon due notice to the parties to be affected by the dismissal." 129 U. S. 326, 9 Sup. Ct. Rep. 289.

The mode of procedure in this suit is not subject to criticism. A plea to the jurisdiction was seasonably interposed, controverting the value placed upon the land by the plaintiffs, and that issue is properly before the court. The question is presented, does it appear to the satisfaction of the court that the suit does not really and substantially involve a dispute or controversy properly within its jurisdiction? By the terms of the act, the amount to confer jurisdiction must be in excess of $2,000, exclusive of interest and costs. The plaintiffs' allegation of value places the amount within the jurisdictional limit. But the proof clearly shows that the real value of the property is far below $2,000, and does not exceed, in any event, $1,416.

In *Bennett* v. *Butterworth* it is said by the court that—

"The averment of value, when he [the plaintiff] sues for property, shows the value of the thing in controversy, as much as the averment of debt or damage, when he sues for money." 8 How. 128, 129.

But in *Hilton* v. *Dickinson*, cited with approval in *Barry* v. *Edmunds*, *supra*, the court uses this language:

"It is undoubtedly true that, until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction; but it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail." 108 U. S. 174, 2 Sup. Ct. Rep. 424.

Tested by the rule declared in *Hilton* v. *Dickinson*, it would appear that the court is without jurisdiction in the present case, as the defendants have overthrown the *prima facie* case of jurisdiction arising out of the allegations of the bill by proving indisputably the falsity of the plaintiffs' averments.

But it is insisted by counsel for the plaintiffs that, to authorize a dismissal of the suit, the defendants should be required to show affirmatively, not only that the land is of less value than the amount essential to confer jurisdiction, but that the allegation of value in the bill was fraudulently made for the purpose of creating a case of which the court could not lawfully take cognizance. In support of his contention, *Barry* v. *Edmunds*, *supra*, is relied upon. The court in that case (116 U. S. 560, 561, 6 Sup. Ct. Rep. 501) says:

"Where the law gives no rule, the demand of the plaintiff must furnish one; but where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded. The amount of damages laid in the declaration, however, in cases where the law gives no rule, is not conclusive upon the question of jurisdiction; but if upon the case stated there could legally be a recovery for the amount necessary to the jurisdiction, and that amount is claimed, it would be necessary, in order to defeat the jurisdiction since the passage of the act of March 3, 1875, for the court to find, as matter of fact, upon evidence legally sufficient, 'that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery, for the purpose of creating a case' within the ju-

risdiction of the court. Then it would appear to the satisfaction of the court that the suit 'did not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court.' "

A careful examination of that and kindred cases makes it apparent that they are plainly distinguishable from the suit before the court. In *Barry* v. *Edmunds* the plaintiff brought an action of trespass, alleging the commission by defendant of certain wrongful acts with malice, and claiming damages largely in excess of $2,000. To the declaration the defendant filed a plea to the jurisdiction, on the ground that the parties plaintiff and defendant were citizens of the same state. The value of the matter in dispute was not called in question by the plea. Upon motion made by the plaintiff to set a day for argument of the demurrer to the plea, the court dismissed the cause for want of jurisdiction. In reviewing the case, the supreme court held that the declaration, upon its face, disclosed a case in which exemplary or punitive damages might properly be awarded; that in such cases, where no precise rule of law fixed the recoverable damages, it was the peculiar function of the jury to determine the amount. Evidently reversal of the judgment rested on the ground that, in that class of suits, the amount of damages claimed in the declaration presented the only criterion to which resort could be had in settling the question of jurisdiction. The suit was one where the law gave no rule for estimating the damages, and "the demand of the plaintiff must furnish one." And in cases of that character it was said that the amount of damages laid in the declaration was not conclusive, but that the jurisdiction would be defeated if the court found that the amount of damages thus stated was colorable. But this case is of that class where the law gives the rule for determining the value of the matter in dispute. It is, as has already been shown, the value of the land, which is easily ascertainable according to fixed rules of law. It is therefore, to say the least, questionable whether the observations of the court are applicable to a case like the present one. In reaching a conclusion, however, upon the uncontroverted facts of this case, it is not necessary to do violence to any principle enunciated by the court in *Barry* v. *Edmunds*. The proof here is positive, direct, and undisputed that the land in controversy is worth not exceeding $1,416, including improvements. Thus the falsity of plaintiffs' allegation fixing the value is clearly established. Notwithstanding a period of 12 months intervened between the publication of the testimony and submission of the cause, the plaintiffs took no steps to prove the value of the land, nor to procure testimony to show they had the slightest knowledge or information of its value. They rest their case upon the assertion of value in the bill, and make no effort to repel the effect of the testimony adduced against them. The value of the land was stated either with knowledge of its overestimate, or in inexcusable ignorance, resulting from carelessness and indifference, as to its real worth. In either event, the result should be the same,—to preclude plaintiffs from reaping advantage from their own wrong on the one hand, and to deprive them of benefit arising from their indifference and careless conduct on the other. The presumption would obtain in such

cases that the allegation of value was improperly and colorably made, for the purpose of creating a cause within the jurisdiction of the court. If it were otherwise held, mere averments of the pleader would outweigh the force of sworn testimony, and that clause of the judiciary act, regulating jurisdiction by the amount in controvery, would have little vital force when property, real or personal, is the subject-matter of suit. The statute should be construed according to its spirit and intent. Suits properly coming within the jurisdiction of the court should be retained; others not embraced in that category should be rejected. It has been held that, in cases where the testimony leaves the value of the matter in dispute in doubt, all intendments will be in favor of the jurisdiction. *Dwyer* v. *Bassett, supra,* and authorities cited. But, as already shown, such is not the case here. The court is of opinion that the material averments of the plea are sustained by the proof, and that the bill should be dismissed for want of jurisdiction. *Farley* v. *Kittson,* 120 U. S. 303, 7 Sup. Ct. Rep. 534. It is accordingly so ordered.