### ELK GARDEN CO. v. T. W. THAYER CO.

#### (Circuit Court, W. D. Virginia. May 10, 1910.)

1. COURTS (§ 269*)—"LOCAL ACTION"—EJECTMENT.
    Ejectment is a local action such as can be maintained only in the district where the land lies (citing 5 Words and Phrases, 4202).
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. § 269.*]

2. COURTS (§ 274*)—FOREIGN CORPORATIONS—PROCESS—SERVICE—"FOUND."
    A foreign corporation is "found" within a federal judicial district, within Judiciary Act March 3, 1875, c. 137, § 1, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508) providing that no civil suit shall be brought by original process or proceeding in any other district than that whereof defendant is an inhabitant or in which he shall be "found" at the time of serving such process or commencing the suit, where process was served on an agent of such corporation within the district designated by the defendant for service of process under the state law.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*
    For other definitions, see Words and Phrases, vol. 3, p. 2927; vol. 8, p. 7666.
    Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

3. COURTS (§ 344*)—FEDERAL COURTS—JURISDICTION—"SUIT."
    The word "suit" includes an action at law as well as a proceeding in equity (citing 7 Words and Phrases, 6769), and should be so construed as used in Judiciary Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901 p. 513).
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 344.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. COURTS (§ 269*)—FEDERAL COURTS—JURISDICTION—LOCAL ACTION—NONRES-IDENT DEFENDANT.**

Act Cong. March 3, 1887, c. 373, 24 Stat. 552 (U. S. Comp. St. 1901, p. 508), provides that no civil suit shall be brought before either of the federal courts of original jurisdiction against any person or by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either plaintiff or defendant. *Held*, that the restriction as to venue is not applicable to local actions, and hence ejectment can be brought in a federal court in the district where the land lay, though both plaintiff and defendant are foreign corporations and nonresidents of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. § 269.*]

**5. COURTS (§ 329*)—FEDERAL COURTS—AMOUNT IN CONTROVERSY—EJECTMENT.**

Code Va. 1904, §§ 2750, 2751, provide that judgment in ejectment shall be that plaintiff recover the possession of the premises, except where there is filed with the declaration a statement of the damages which plaintiff means to demand showing the specific grounds for the claim, and the true nature thereof, so as to give the defendant reasonable notice of the extent and character thereof. *Held* that, where a declaration in ejectment in a federal court did not allege the value of the land, and no statement of damages accompanied the declaration, an allegation that defendant withheld possession to plaintiff's damage in the sum of $5,000 is demurrable for failure to show that the land is of greater value than $2,000, so as to confer federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.*

Jurisdiction of Circuit Courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

Action of ejectment by the Elk Garden Company against the T. W. Thayer Company. On demurrer to declaration for want of jurisdiction. Sustained in the absence of amendment.

R. M. Page, J. C. Padgett, and J. I. Hurt, for plaintiff.
White & Penn, for defendant.

McDOWELL, District Judge. This is an action of ejectment brought originally in this court to recover a tract of land lying in this district. The plaintiff is a New Jersey corporation, and the defendant is a New York corporation. In accordance with the state statute the declaration and notice were served in this district on an agent of the defendant who had been designated by the defendant under the state law as its agent for the service of process. The defendant appears specially for the purpose, and demurs to the declaration for want of jurisdiction.

1. Ejectment is a local action (5 Words and Phrases, 4202; 4 Minor's Insts. [3d Ed.] 636), such as can be maintained only in the district where the land lies (Northern R. Co. v. R. Co., 15 How. 233, 242, 14 L. Ed. 674; Livingston v. Jefferson, Fed. Cas. No. 8,411; Newell, Ejectment, p. 101). The language of the eighth section of the judiciary act of March 3, 1875, c. 137, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), as contrasted with that of the act of June 1, 1872, c. 255,

17 Stat. 198 and section 738, Rev. St., leaves, I think, no doubt as to the intent to include suits at law, as well as in equity, "to enforce a legal or equitable * * * claim to * * * real property within the district." The act of 1872 read:

"That when in any suit *in equity* * * * to enforce any legal or equitable lien or claim against real or personal property. * * *" Section 13.

In Rev. St. § 738, in both editions, the language is:

"When any defendant in a *suit in equity* to enforce any legal or equitable lien or claim * * *"

In the act of 1875 the language is:

"That when *in any suit*, * * * to enforce. * * *"

As was said in Crawford v. Burke, 195 U. S. 176, 190, 25 Sup. Ct. 9, 12 (49 L. Ed. 147):

"* * * A change in phraseology creates a presumption of a change in intent."

The word "suit" is applicable to an action at law as well as to a proceeding in equity. 7 Words and Phrases, 6769. And that the word was thus used in the eighth section of the act of 1875 seems to follow from the language of the first section of that act:

"That the circuit courts of the United States shall have original cognizance * * * of all *suits* of a civil nature at *common law* or in equity. * * *"

Hence, if the defendant had not been found within the district, but had been served with a warning order outside the district, or had been advertised for, under the eighth section of the judiciary act of 1875 (4 Fed. Ann. St. 381 [U. S. Comp. St. 1901, p. 513]), there would seem to be no ground for objection to the jurisdiction based on the fact that neither party is a resident of this district. Dick v. Foraker, 155 U. S. 404, 411, 15 Sup. Ct. 124, 39 L. Ed. 201; Greely v. Lowe, 155 U. S. 58, 15 Sup. Ct. 24, 39 L. Ed. 69. In the first mentioned of these cases, it does not appear how the defendant was notified of the pendency of the suit. In view of what had been said in Greely v. Lowe, it seems highly probable that the defendant was served with the warning order outside of the district of suit, or that the order had been published. In the case at bar the defendant was "found" within this district. Railway Co. v. Harris, 12 Wall. 65, 81, 20 L. Ed. 354; Ex parte Schollenberg, 96 U. S. 369, 377, 24 L. Ed. 853; New England Co. v. Woodworth, 111 U. S. 138, 146, 4 Sup. Ct. 364, 28 L. Ed. 379; Southern Pac. R. Co. v. Denton, 146 U. S. 202, 207, 13 Sup. Ct. 44, 36 L. Ed. 942; In re Keasbey, 160 U. S. 221, 228, 16 Sup. Ct. 273, 40 L. Ed. 402; Spencer v. Stockyards Co. (C. C.) 56 Fed. 741.

In Greely v. Lowe, supra, 155 U. S. 74, 15 Sup. Ct. 28, 39 L. Ed. 69, it is said:

"* * * The entire object of the section [eighth of the Act of 1875] is to call in defendants who cannot be served within the district by reason of their absence or nonresidence."

And the eighth section of the act of 1875 in express terms applies only in case a defendant "shall not be an inhabitant of, or found within,

the said district." Consequently jurisdiction of the case at bar is not given by the eighth section. If this had been a transitory action the fact that neither party is a resident of this district would be fatal to the jurisdiction. McCormick v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 485, 33 L. Ed. 833; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific R. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; In re Keasbey, 160 U. S. 221, 229, 16 Sup. Ct. 273, 40 L. Ed. 402; R. Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802; R. Co. v. Allison, 190 U. S. 326, 23 Sup. Ct. 713, 47 L. Ed. 1078.

The first section of the judiciary act of 1875 as originally enacted contained this language:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, *or in which he shall be found at the time of serving such process or commencing such proceeding,* except as hereinafter provided."

18 Stat. 470. As this part of this section was amended by the act of March 3, 1887 (c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]. Sec, also, Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), it reads:

" * * * And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, *suit shall be brought only in the district of the residence of either the plaintiff or the defendant.*"

The case at bar therefore presents a question which is worthy of at least some discussion. Confining our attention to a case where the sole plaintiff and sole defendant are citizens of different states, where neither is a resident of the district of suit, where the suit is strictly° local in character, and where the defendant can be and has been found within the district of suit, which is the district where the property lies, did Congress intend by the change in the first section of the judiciary act made in 1887 to deprive the circuit court of said district of jurisdiction? In Spencer v. Stockyards Co., supra (C. C.) 56 Fed. 741 (an action of ejectment), the facts were essentially the same as in the case at bar, and it was there held that the court had jurisdiction. And it seems to me that the conclusion there reached should be followed. In omitting the clause "or in which he shall be found," and in providing that "suit shall be brought only in the district of the residence of either the plaintiff or the defendant," Congress did not intend to forbid jurisdiction of local actions where neither party resides in the district of suit, and where the defendant is not found in the district. Dick v. Foraker and Greely v. Lowe, supra. It would therefore be so very anomalous to deny jurisdiction of a local suit to the federal court of the district where the property lies merely because the defendant is found and served with process in the district, that it seems proper to regard the amendment of 1887 as not intended to apply to local suits. The first dozen lines of the first section of the act of 1875 give the federal courts jurisdiction of all controversies of a civil nature, in-

volving over $2,000, between citizens of different states. The restrictions as to venue, as set out in the amendment of this section by the act of 1887, apply to transitory actions. But the very fact that the eighth section of the act of 1875 is expressly saved by the fifth section of the act of 1887, seems a sufficient reason for concluding that the restrictions as to venue do not apply to local actions. An intent to give jurisdiction of a local action where the nonresident defendant may be merely warned by publication, seems to clearly forbid the existence of an intent to deny jurisdiction to the same court of the same action if the defendant is served with process within the jurisdiction.

It is true that the language used in the first paragraph of the opinion in Central Trust Co. v. McGeorge, 151 U. S. 129, 132, 14 Sup. Ct. 286 (38 L. Ed. 98), may seem to throw some doubt on the conclusion above stated. But the first paragraph of that opinion is of the nature of a dictum, as the point which had the full attention of the court was the waiver of objection to the venue. Moreover, that suit was evidently not regarded as one falling under the eighth section of the judiciary act. If the complainant had so docketed its judgment at law as to obtain a lien on the real estate of the defendant, the fact is not stated. The suit was apparently regarded as one brought to wind up the affairs of the corporation, by a judgment creditor whose remedy at law was inadequate, as execution had been returned "nulla bona," which should regularly (as per Judge Putnam, Hutchinson v. American Co. [C. C.] 104 Fed. 182) have been instituted in the district of the domicile of the defendant company. It was clearly not treated as a suit brought to enforce a lien upon or claim to property within the district of suit, and is therefore not in point as respects the jurisdiction of a strictly local suit.

2. The declaration in this case does not allege the value of the tract of land sued for. It concludes, " * * * and still doth withhold said possession to the damage of the plaintiff $5,000; and therefore the plaintiff brings its suit." Except where there is filed with the declaration (Code Va. 1904, § 2751) a statement of the damages which the plaintiff means to demand ("showing the specific grounds for the claim and the true nature thereof, so as to give the defendant reasonable notice of the extent and character of the claim"—Witten v. St. Clair, 27 W. Va. 766; 2 Barton Law Pr. 1148), the judgment in ejectment for a plaintiff is (Code Va. 1904, § 2750) that he "recover the possession of the premises." In the case at bar it does not appear that there was filed any such statement of damages as is contemplated by section 2751. It follows that the claim of damages made in the declaration is an empty formality, and is not in any sense the "matter in controversy." Way v. Clay (C. C.) 140 Fed. 352, 353; Crawford v. Burnham, 1 Flip. 116, Fed. Cas. No. 3,366; Lanning v. Dolph, 4 Wash. C. C. 624, Fed. Cas. No. 8,073. And under these authorities the fact that the land described in the declaration and sued for is of greater value than $2,000 should be alleged in the declaration. In the last-mentioned case Mr. Justice Washington asserts that it is quite as essential that the value of the land sued for be alleged in the declara-

tion in ejectment as that diversity of the citizenship of the parties be stated. See, also, Thomas v. Board of Trustees, 195 U. S. 207, 210, 25 Sup. Ct. 24, 49 L. Ed. 160. The demurrer should therefore be sustained, unless the plaintiff so amends the declaration as to allege that the land demanded is of a value in excess of $2,000.