RIDDLE *et al. v.* NEW YORK, L. E. & W. R. Co.

*(Circuit Court, W. D. Pennsylvania.  July 9, 1889.)*

COURTS—FEDERAL JURISDICTION—INHABITANT OF DISTRICT—CORPORATIONS.
    Where a corporation, created by the laws of one state, by its officers or
    agents, comes into a judicial district of another state, and there carries on
    business,—for example, operates lines of railway therein and has there an
    agent upon whom, under the laws of the latter state, process may be served,
    —it is an inhabitant of said district, within the meaning of the act of congress
    of March 3, 1887, and is suable in the circuit court of the United States of said
    district.

*Sur* Motion to Set Aside the Service of a Writ of Summons.

*George Shiras, Jr.*, for the motion.

*James L. Black, contra.*

Before McKENNAN and ACHESON, JJ.

PER CURIAM.   This is an action brought for the recovery of damages
for the alleged violation by the defendant, The New York, Lake Erie &
Western Railroad Company, of the act of congress to regulate commerce,
approved February 4, 1887.   Two of the plaintiffs are citizens of the
state of Pennsylvania, and one of them is a citizen of the state of Illi-
nois, and the defendant is a corporation constituted under the laws of
the state of New York.   The ground of the motion to set aside the serv-
ice of the writ of summons is that the defendant corporation "is not an
inhabitant of the Western district of Pennsylvania, and that this court
has therefore no jurisdiction in said case as against the said company."
In support of the motion the defendant relies upon that clause of the act
of congress, approved March 3, 1887, (24 St. at Large, 552,) and re-en-
acted August 13, 1888, (25 St. at Large, 433, 434,) which provides as
follows:

    "But no person shall be arrested in one district for trial in another in any
civil action before a circuit or district court; and no civil suit shall be brought
before either of said courts against any person by any original process or pro-
ceeding in any other district than that whereof he is an inhabitant, but where
the jurisdiction is founded only on the fact that the action is between citizens
of different states suits shall be brought only in the district of the residence
of either the plaintiff or the defendant."

The marshal's return shows that the defendant company was sum-
moned by service upon "Samuel Woodside, agent of said company, at
their office in the city of Pittsburgh;" and the plaintiffs' statement of
claim, which for the present purpose must be accepted as true, sets forth
that the defendant company is doing business in the Western district of
Pennsylvania, and has a permanent office in the city of Pittsburgh, in said
district, with an officer or agent duly appointed thereto in charge of the
defendant's business; that under certain recited written traffic contracts
it acquired and possesses the right to transport freight over the lines of
the Pittsburgh & Lake Erie Railroad Company, which in part are lo-
cated within said district; that the defendant's own railroad is in part

constructed within said district, and has for years past been, and is now, operated by the defendant company, with offices established thereon and officers appointed thereto, regularly and permanently in charge of the business on said line of road; and, further, that the defendant is, and from about May 1, 1883, has been, the lessee of the New York, Pennsylvania & Ohio Railroad, which in part is constructed through said district, and that the same has since been, and now is, operated by the defendant company, with offices permanently established thereon, and officers duly appointed thereto, in charge of the business thereof. Such being the facts, we are called upon to decide whether the defendant company is exempt from suit brought in this court.

Without undertaking to cite the numerous cases (federal and state) bearing upon the subject, we think we are safe in saying that it is now firmly settled that when a corporation created by the laws of one state voluntarily comes, by its officers or agents, within the jurisdiction of another state, and there engages in business, it becomes amenable to the process of the courts of the latter state, if the laws thereof make provision to that effect. In one of the cases (*Insurance Co.* v. *Duerson*, 28 Grat. 630) it was declared by the court of appeals of Virginia that the corporation, for the purpose of being sued, is to be considered as having a domicile in the state where it has thus voluntarily located; and in the case of *Insurance Co.* v. *Woodworth*, 111 U. S. 138, 145, 147, 4 Sup. Ct. Rep. 364, the supreme court of the United States did distinctly hold that a company incorporated in one state, by doing business and having an agent upon whom service may be made in another state, may there acquire another domicile, so as to give locality there to a debt on a policy of insurance as the foundation of administration in the latter state. That the defendant corporation is suable in the courts of Pennsylvania, and that such service as we have in this case would be a good service in the courts of the state, is undeniable. *Hagerman* v. *Slate Co.*, 97 Pa. St. 534; Act March 21, 1849, (Purd. Dig. 355.) What good reason, then, is there for exempting the company from suit in a federal court sitting in Pennsylvania? Can it be supposed that such was the intention of congress? Under previous laws a person was suable in any district in which he might be found. Although he might have been a mere sojourner in, or was simply passing through, the district, he was liable to be served therein with process from a federal court. This was the mischief which congress intended to remedy by omitting from the act of 1887 the words "or in which he shall be found." But, clearly, under the provisions of the act of 1887, if a citizen of a state, without changing, or intending to change, his citizenship, becomes an inhabitant of another state, or, in other words, has his domicile or fixed residence therein, he is suable in the latter state by original process from a federal court. *Parker* v. *Overman*, 18 How. 137. Now, in our judgment it was not the intention of the act to make any distinction in respect to liability to suit between natural persons and corporations. As a corporation is a "person" within the meaning of the act, so, also, may it be an "inhabitant."

Under the facts of this case we are clearly of the opinion that the de-

fendant corporation is an inhabitant of the Western district of Pennsylvania, within the meaning of the act of congress of 1887, and therefore that this court has acquired lawful jurisdiction of this suit. We are aware that our conclusion is at variance with that of Judge LACOMBE in *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65, but, on the other hand, we are in accord with the decision of Judge MAXEY in *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 449, and we may add that the opinion in the latter case is so full in the citation of authorities, and the reasoning of the learned judge in support of the jurisdiction of the court is so convincing, that we deem it quite unnecessary for us to discuss the question any further. And now, July 9, 1889, the motion to set aside the service of the writ of summons is denied, and it is ordered that the time for the defendant to answer the plaintiffs' statement of claim shall run from this date.