# CENTRAL TRUST COMPANY v. McGEORGE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF VIRGINIA.

No. 965. Submitted November 27, 1893. — Decided January 3, 1894.

Exemption from being sued out of the district of its domicil is a privilege which a corporation may waive, and which is waived by pleading to the merits.

The fact that neither the plaintiff nor the defendant reside in the district in which the suit is brought do not prevent the operation of the waiver.

When a defendant corporation voluntarily submits itself to the jurisdiction
   of a Circuit Court of the United States, its action cannot be overruled at
   the instance of stockholders and creditors, not parties to the suit so
   brought, but who were permitted to become parties by an intervening
   petition.

On the 8th day of August, 1892, the Central Trust Company,
a corporation created by and existing under the laws of the
State of New York, filed a bill in equity in the Circuit Court
of the United States for the Western District of Virginia
against the Virginia, Tennessee and Carolina Steel and Iron
Company, created by and existing under the laws of the State
of New Jersey.

The bill alleged that the defendant company had a place of
business and carried on its business at Bristol, in the Western
District of Virginia, and owned property, real and personal, at
Bristol and elsewhere in the State of Virginia; that the said
defendant company was insolvent; that the plaintiff company
had obtained a judgment on the law side of the court, on
which an execution had been sued out and returned by the
marshal *nulla bona,* and prayed for the appointment of a
receiver. The defendant company appeared by its president,
John C. Haskell, and consented to the appointment of a
receiver, and thereupon Judge Bond made an order appointing
said John C. Haskell and D. H. Conklin receivers of said
defendant company.

On the same day two other bills were filed in suits styled as
follows: *The Central Trust Company of New York* v. *The
South Atlantic and Ohio Railroad Company,* and *The Vir-
ginia, Tennessee and Carolina Steel and Iron Company* v. *The
Bristol Land Company.*

In each of said additional bills the complainant company
alleged the insolvency of the defendant company as evidenced
by a judgment obtained against it by confession, in the court
on its law side, on which an execution had issued and been
returned on the same day as *nulla bona.* In the first named
of these last two suits, the defendant company appeared by
its vice-president, John C. Haskell, and consented that a
receiver should be appointed; and in the last-named suit the

defendant company appeared by its president, John C. Haskell, and consented to the appointment of a receiver, and thereupon Judge Bond appointed said John C. Haskell and D. H. Conklin receivers of each of said companies respectively.

On the 19th day of October, 1892, a petition was presented to the Circuit Court by William McGeorge and others, claiming to be stockholders and creditors of the Virginia, Tennessee and Carolina Steel and Iron Company, and John M. Bailey, claiming to be the "valid receiver" of the corporations named, by virtue of an order made by Hon. D. W. Bolen, judge of the 15th judicial circuit of Virginia, in vacation, on the 6th day of August, 1890, asking that they might be made parties complainants or defendants as the court might determine, and that the several causes named might be consolidated and heard together. The petition further alleged that the Virginia, Tennessee and Carolina Steel and Iron Company was the main and substantial company; that the South Atlantic and Ohio Railroad Company and the Bristol Land Company were mere offshoots or dependent companies; that the several confessions of judgments, entered in the court on the 8th day of August, 1892, were made by a person who had no power or authority to make such confessions of judgment; that said judgments were procured by fraud and collusion between the representatives, respectively, of the complainant and defendant companies, and that the orders made by Judge Bond, appointing receivers for each of said defendant companies, were obtained by misrepresentation, fraud, and collusion by and between said representatives of the complainant and defendant companies. The said petition further alleged that in the cause of *The Central Trust Company of New York v. The Virginia, Tennessee and Carolina Steel and Iron Company* the court was without jurisdiction, for the reason that the complainant company was a corporation created by and existing under the laws of the State of New York, and a citizen and resident of said State of New York, and that the defendant company was a corporation created by and existing under the laws of the State of New Jersey, and a citizen and resident of said State of New Jersey.

The said petition was filed by leave of the court, and a rule was awarded, returnable on the 6th day of December, 1892.

The complainant company, the Central Trust Company of New York, filed an elaborate answer to said petition, denying under oath its material allegations. The defendant company, the Virginia, Tennessee and Carolina Company, filed a separate answer to the said petition, denying its allegations, as did also the other two defendant companies.

On the 16th day of May, 1893, the district judge filed an opinion and decree, declining to consolidate the said cases, and treating the petition of McGeorge and others as the answer of codefendants. The court decided that it had no jurisdiction, because while the parties complainant and defendant were citizens of different States, yet neither of them was a citizen of the State in which the suit was brought. The order appointing the receivers was accordingly vacated and the bill of complaint dismissed. From this decree an appeal was taken and allowed to this court.

*Mr. Adrian H. Joline*, for appellant. No brief filed for appellee.

MR. JUSTICE SHIRAS delivered the opinion of the court.

The court below, in holding that it did not have jurisdiction of the cause, and in dismissing the bill of complaint for that reason, acted in view of that clause of the act of March 3, 1887, as amended in August, 1888, which provides that "no civil suit shall be brought in the Circuit Courts of the United States against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant;" and, undoubtedly, if the defendant company, which was sued in another district than that in which it had its domicil, had, by a proper plea or motion, sought to avail itself of the statutory exemption, the action of the court would have been right.

But the defendant company did not choose to plead that provision of the statute, but entered a general appearance, and joined with the complainant in its prayer for the appointment

of a receiver, and thus was brought within the ruling of this court, so frequently made, that the exemption from being sued out of the district of its domicil is a personal privilege which may be waived, and which is waived by pleading to the merits.

In *Ex parte Schollenberger*, 96 U. S. 369, 378, which arose under the Judiciary Act of 1875, it was said : " The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

So, under the act of February 18, 1875, 18 Stat. 316, 320, c. 80, which exempted national banks from suits in state courts in counties other than the county or city in which the bank was located, it was held, in *Bank* v. *Morgan*, 132 U. S. 141, that such exemption was a personal privilege which could be waived by appearing to such a suit brought in another county, and making defence without claiming the immunity granted by Congress.

*St. Louis & San Francisco Railway* v. *McBride*, 141 U. S. 127, 131, was a case wherein it was contended in this court that the court below, the Circuit Court of the United States for the Western District of Arkansas, had no jurisdiction, because the suit was brought against a railway company whose domicil was in another State, and therefore within the operation of the Judiciary Act of 1887, as amended in 1888, providing that no suit shall be brought against any person in any other district than that whereof he is an inhabitant; but it was held, citing *Ex parte Schollenberger,* 96 U. S. 378, and *Bank* v. *Morgan*, 132 U. S. 141, that " without multiplying authorities on this question, it is obvious that the party who in the first instance appears and pleads to the merits waives any right to challenge thereafter the jurisdiction of the court, on the ground that the suit had been brought in the wrong district."

The court below based its ruling on *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 453, and on *Southern Pacific Co.* v.

*Denton*, 146 U. S. 202, and it is true that the right of a corporation to avail itself of the exempting clause of the act of 1887 was there maintained, but, in both cases, the defendants specially appeared and set up such right, in the one case by a motion to set aside the service of the process, and in the other by a special demurrer.

The opinion in *Shaw* v. *Quincy Mining Co.*, contains a full history of the legislation on this subject, and refers to the several questions that have arisen and been determined by this court under such legislation. The court, speaking through Mr. Justice Gray, said: "The Quincy Mining Company, a corporation of Michigan, having appeared specially for the purpose of taking the objection that it could not be sued in the Southern District of New York by a citizen of another State, there can be no question of waiver, such as has been recognized where a defendant has appeared generally in a suit between citizens of different States, brought in a wrong district. . . . All that is now decided is that, under the existing act of Congress, a corporation, incorporated in one State only, cannot be compelled to answer, in a Circuit Court of the United States held in another State in which it has a usual place of business, to a civil suit, at law or in equity, brought by a citizen of a different State."

In *Southern Pacific Co.* v. *Denton*, where the subject was again elaborately discussed, it was said: "It may be assumed that the exemption from being sued in any other district might be waived by the corporation, by appearing generally, or by answering to the merits of the action, without first objecting to the jurisdiction," and the case of *St. Louis Railway* v. *McBride*, 141 U. S. 127, was cited to that effect.

The court below suggested that the present case is distinguishable from the others in which it was held that the right of exemption might be waived, in that neither the plaintiff nor the defendant resided in the district in which the suit was brought, that is, the Mercantile Trust Company, the plaintiff, had its residence in New Yor¹·. and the Virginia, Tennessee, and Carolina Company, the defendant, was a corporation of New Jersey.

But a similar state of facts existed in the case of *Shaw* v. *Quincy Mining Co.*, inasmuch as Shaw, the plaintiff, was a citizen of Massachusetts, and the mining company was a corporation of the State of Michigan, and the suit was brought in the Circuit Court for the Southern District of New York. Nor do we see any reason for a different conclusion, as to the subject of waiver, when the question arises where neither of the parties are residents of the district, from that reached where the defendant only is not such resident.

It is scarcely necessary to say that, as the defendant company had submitted itself to the jurisdiction of the court, such voluntary action could not be overruled at the instance of stockholders and creditors, not parties to the suit as brought, but who were permitted to become such by an intervening petition.

In view, then, of the authorities cited, and upon principle, we conclude that the court below erred in vacating the order appointing receivers and in dismissing the bill of complaint, and we reverse its decree to that effect and remand the cause with directions for further proceedings not inconsistent with this opinion.

*Reversed.*