### CORWIN MFG. CO. v. HENRICI WASHER CO.

(Circuit Court, D. Massachusetts. March 4, 1907.)

#### No. 223.

REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—NONRESIDENCE OF PARTIES.

The objection to the jurisdiction of a federal court of a cause brought into such court by removal, on the ground that neither party is a resident of the district, is waived where, after removal, the plaintiff enters a general appearance in the federal court.

On Motion to Remand to State Court.

Dunbar, Rackemann & Brewster, for complainant.
George L. Wilson, for defendant.

LOWELL, Circuit Judge. The plaintiff, a corporation of West Virginia, brought in the superior court of Massachusetts an action at common law against the defendant, a citizen of Maine. The defendant thereupon removed the case to this court upon the ground of diversity of citizenship. The state court granted the petition for removal. Before the case was entered here by the defendant the plaintiff filed here a transcript of the record of the state court, entered a general appearance, took out an order to plead under rule 12, served it upon the defendant, and, as the defendant did not appear or plead moved to default the defendant, which motion was argued before this court. The plaintiff now moves to remand to the state court, upon the ground that this court was without jurisdiction, inasmuch as neither the plaintiff nor the defendant was incorporated within this district.

A defendant may avail himself of this objection if the suit is begun in this court. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. On the other hand a defendant may so waive the objection that he cannot thereafter assert it. Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98. If the objection is waived by the defendant the Circuit Court has jurisdiction. How stands the question concerning cases brought here by removal?

In Re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. ——, the Supreme Court had before it a case in other respects like the case at bar, but one in which the plaintiff had moved to remand immediately after the defendant had filed the transcript of the record in the Circuit

Court. The Supreme Court held that the case should have been remanded. In the course of the opinion the court said: .

"But it is contended that [the defendant] was entitled to remove the case to the Circuit Court, and, as by his petition for removal he waived the objection so far as he was personally concerned, that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inasmuch as in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Court, and of the limitations imposed thereby, jurisdiction of the suit could not have obtained, even with the consent of both parties."

By the last clause quoted the plaintiff here argues the Supreme Court declared that "even with the consent of both parties" this court cannot take jurisdiction of this proceeding, and so the case must be remanded to the state court. But this cannot be the correct interpretation of the dictum just quoted. As it stands, it is applicable alike to suits brought originally in the Circuit Court, and to those removed there. Yet in the Wisner Case the Supreme Court went on to observe:

"In Central Trust Company v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98, it was assumed, however, that the requirement that no suit should be brought in any other district than that of the plaintiff or of the defendant might be waived, where neither resided therein, because in that case the nonresident plaintiff had sued in the Circuit Court and the nonresident defendant had answered on the merits, which showed the consent of both parties and not unnaturally led to the result announced, while in this case there was no such consent."

In Martin v. B. & O. R. R., 151 U. S. 673, 688, 14 Sup. Ct. 533, 38 L. Ed. 311, the petition for removal had been filed in the state court so late that the plaintiff might have insisted upon a demand. He did not raise the question until he reached the Supreme Court on writ of error. The court said:

"The time of filing a petition for the removal of a case from a state court into the Circuit Court of the United States for trial is not a fact in its nature essential to the jurisdiction of the national court under the Constitution of the United States, like the fundamental condition of a controversy between citizens of different states. But the direction as to the time of filing the petition is more analogous to the direction that a civil suit within the original jurisdiction of the Circuit Court of the United States shall be brought in a certain district, a noncompliance with which is waived by a defendant who does not seasonably object that the suit is brought in the wrong district."

Here the Supreme Court did not expressly assert that the plaintiff as well as the defendant might waive the objection raised in the case at bar, but the implication to that effect is strong. And in the Wisner Case the court said, referring to Kinney v. Columbia Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103:

"'A petition and bond for removal are in the nature of a process. They constitute the process by which the case is transferred from the state to the federal court.' When, then [the defendant] filed his petition for removal, he sought affirmative relief in another district than his own. But the plaintiff, in resisting the application and moving to remand, denied the jurisdiction of the Circuit Court."

If, where the process is the plaintiff's, the defendant may give this court jurisdiction by consent, it would seem to follow that where the process is the defendant's, the plaintiff may give jurisdiction by consent.

In Foulk v. Gray (C. C.) 120 Fed. 156, referred to in the statement of the Wisner Case as representing the view which was taken of the question by the Supreme Court, the Circuit Court held that the plaintiff's consent, after removal of the cause to the Circuit Court, would waive that objection to the jurisdiction which he might have taken had he desired to do so. Therefore it follows that in a case like this the plaintiff may waive his objection to the removal. If he does so, this court will have jurisdiction, as in the cases above cited. Did this plaintiff's action after removal here amount to a waiver?

Of this there can be no doubt. A general appearance is sufficient, and here the plaintiff went much farther. This court has jurisdiction, and the plaintiff's motion to remand must be denied.