PROCTOR COAL CO. v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court, N. D. Georgia.    December 23, 1907.)

REMOVAL OF CAUSES—RESIDENCE—JURISDICTION.

Complainant, a corporation and citizen of Kentucky, sued defendant, a corporation and citizen of Maryland, in a Georgia state court. Defendant removed the cause to the United States Circuit Court for diversity of citizenship, where the cause was permitted to remain more than five years, during which complainant had the cause set down for hearing on demurrer, and twice filed amendments to its pleadings, and then moved to remand the cause to the state court on the ground that neither complainant nor defendant was a resident of the district. *Held*, that such objection had been waived by both parties, and that the court had jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 216.]

Dorsey, Brewster, Howell & Heyman, for complainant.
Smith, Hammond & Smith, for defendant.

NEWMAN, District Judge.    This motion to remand and the determination of the question raised on the motion depends upon the effect to be given In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. The complainant is a corporation and a citizen of the state of Kentucky. The defendant is a corporation and a citizen of the state of Maryland. This case was removed by the defendant to this court from the state court March 10, 1902, and no objection whatever has since been made as to the jurisdiction of the court by the complainant. On the contrary, the complainant has twice filed amendments, and had the case set down for hearing on the demurrer. Counsel have thoroughly argued the demurrer, and there has been a decision and an opinion filed on the questions raised (124 Fed. 424, July 11, 1903). If the right of the court in this district to retain this case and to continue and conclude it can be waived, it has been by the complainant's action.

Since the decision in the Wisner Case several courts have considered its effect. In Yellow Aster, etc., Co. v. Crane Company, 150 Fed. 580, 80 C. C. A. 566, the Circuit Court of Appeals for the Ninth Circuit apparently treated the Wisner Case as determining that the Circuit Court was entirely without jurisdiction as to a removed case where neither party at action was a citizen or resident of the state of California. Judge Saunders in the Circuit Court for the Eastern District of Louisiana entertained a similar view in Goldberg et al. v. German Insurance Company, 152 Fed. 831. He cites the Yellow Aster Case, supra. Of the same purport is a decision by Judge Van Fleet of the Northern District of California in Baxter v. Hammond Mfg. Co. (C. C.) 154 Fed. 992. He also cites the Yellow Aster Case as having been decided by the Circuit Court of Appeals of his circuit. A contrary view is entertained by Circuit Judge Lowell in Corwin Mfg. Co. v. Henrici Washer Company (C. C.) 151 Fed. 938. His decision and his opinion of the extent and effect of the Wisner Case, which he cites and discusses, is shown by a headnote in the case as follows:

"The objection to the jurisdiction of a federal court of a cause brought into such court by removal, on the ground that neither party is a resident of the

district, is waived where after removal the plaintiff enters a general appearance in the federal court."

Judge Lowell quotes an expression from the Wisner Case, which has caused much doubt as to the effect of the decision, as follows:

"But it is contended that the defendant was entitled to remove the case to the Circuit Court, and, as by his petition for removal he waived the objection, so far as he was personally concerned, that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inasmuch as in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Court, and of the limitations imposed thereby, jurisdiction of the suit could not have obtained, even with the consent of both parties."

Judge Lowell then proceeds:

"By the last clause quoted the plaintiff here argues the Supreme Court declared that, 'even with the consent of both parties,' this court cannot take jurisdiction of this proceeding, and so the case must be remanded to the state court. But this cannot be the correct interpretation of the dictum just quoted. As it stands, it is applicable alike to suits brought originally in the Circuit Court and to those removed there. Yet in the Wisner Case the Supreme Court went on to observe: 'In Central Trust Company v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98, it was assumed, however, that the requirement that no suit should be brought in any other district than that of the plaintiff or of the defendant might be waived, where neither resided therein, because in that case the nonresident plaintiff had sued in the Circuit Court and the nonresident defendant had answered on the merits, which showed the consent of both parties and not unnaturally led to the result announced, while in this case there was no such consent.'"

Gerling v. B. & O. R. R., 151 U. S. 673, 688, 14 Sup. Ct. 533, 38 L. Ed. 311, was then cited to the same effect.

Circuit Judge Lurton, in Horn v. Pere Marquette R. Co. (C. C.) 151 Fed. 626, after discussing Central Trust Company v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98, refers to the Wisner Case as follows:

"In the later case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, it was held that a defendant sued in a state court in a district in which neither the plaintiff nor defendant was an inhabitant might remove the case and rely upon that objection. The case was distinguished from Central Trust Company v. McGeorge upon the ground of consent in the one case and no consent by the removing defendant in the other."

And in Railway Company v. Fisher, 155 Fed. 68, 83 C. C. A. 584, the Circuit Court of Appeals for the Sixth Circuit again considered the question, and in an opinion by Circuit Judge Lurton disposed of the matter in this language:

"A question of jurisdiction of the court below was suggested by the court growing out of the fact that the plaintiffs were citizens of the state of Mississippi, the Louisville & Nashville Railroad Company a corporation of the state of Kentucky, and the Pullman Palace Car Company, a corporation of the state of Illinois. The suits were brought in the circuit court of Shelby county, Tenn., and removed into the Circuit Court of the United States for the Western District of Tennessee upon the application of two defendant corporations solely upon diversity of citizenship. Thus the suits were not brought within either the district of the plaintiff or that of the defendants, and, not being a suit which might have been originally brought in the court to which it was removed, was not properly removable to that court from the state court. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. But the defendant corporations might and did waive any objection which they might

have made to being sued in a district of which neither they nor the plaintiff were inhabitants by themselves removing the suits, and the plaintiff submitted to the jurisdiction thus invoked by failing to object in any way to such removal and by submitting to a trial upon the merits. This consent by both parties to the jurisdiction takes the case outside the authority of Ex parte Wisner, and brings it under Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98, which is recognized in the former case as an authority when both parties have submitted to a suit in the district of neither; federal jurisdiction otherwise appearing. Corwin Mfg. Co. v. Henrici Washer Co. (C. C.) 151 Fed. 938."

My own view coincides with that expressed in the latter cases, and I cannot add anything to what has been said by Judge Lowell and Judge Lurton on this subject. Here the Proctor Coal Company did not deny, but acquiesced in, the jurisdiction of the court, amended its declaration, and proceeded upon the hearing of the demurrer in the case, which really to a large extent involved the whole controversy between it and the defendant company. The case has remained here so long—more than five and a half years—and the hearing in the case has gone to such extent that the plaintiff has lost its right by its nonaction in failing to object to the jurisdiction and by pleading to the merits, to now challenge the jurisdiction of the court in this district. Immediately upon the decision of the Wisner Case being brought to the attention of the court here, a number of cases were remanded where there had been failure for some time to make the motion to remand, and where there had been some waivers by appearance and pleading. This was done, however, because grave doubt was entertained as to whether under that decision the right to have the case remanded could be waived. I am satisfied now that it can be waived, and has been in the present case, and that the motion to remand in this case comes too late, and should be denied, and it is so ordered.