# NEVERS & CALLAGHAN, Plffs.,

*v.*

# CENTRAL ALTAGRACIA, Dft.

San Juan, Law, No. 516.

1. The mode of service on foreign corporations provided by §§ 66 and 67 of the Civil Code of Porto Rico is not exclusive.

2. Service may also be made as provided by § 93 of the Code of Civil Procedure.

3. The act of Congress of 1901 (31 Stat. at L. 953, chap. 812) so enlarged the jurisdiction of the court that a citizen and resident of New York may sue a Maine corporation with an agent in Porto Rico, in this court.

Opinion filed April 4, 1908.

*Mr. Francis H. Dexter,* attorney for plaintiffs.

*Messrs. Pettingill & Leake,* counsel for defendant.

Note.—*Foreign corporations; service.*—The authorities dealing with service of process on foreign corporations are gathered in a note to Foster v. Charles Betcher Lumber Co. 23 L.R.A. 490. That a foreign corporation must be engaged in business within the state in order to validate service of process upon it, see note to Pinney v. Providence Loan & Invest. Co. 50 L.R.A. 591. Service on state officer as service on foreign corporation, see note to Mutual Reserve Fund Life Asso. v. Phelps, 47 L. ed. U. S. 987. As to right of nonresidents to sue foreign corporation, see editorial note to Reeves v. Southern R. Co. 70 L.R.A. 514.

Nevers & Callaghan v. Central Altagracia.

RODEY, Judge, delivered the following opinion:

The matter before us at this time is the motion of the defendant to set aside the service of the summons herein and dismiss the cause. Two reasons are alleged why this ought to be done: The first is that the summons and the copy of the complaint and note sued on, as shown by the marshal's return, was served upon the president of the defendant corporation instead of the designated agent of the corporation, under §§ 66 and 67 of the Civil Code of Porto Rico of 1902. We have examined the sections in question and find that they contain a provision of law that is usual in all the states, providing that all outside corporations doing business in the jurisdiction must designate some person as agent within the jurisdiction upon whom process can be served in suits against the corporation. In our opinion the mode of service provided for in these sections is not exclusive, and simply was intended to enable plaintiffs to avail themselves of that certain mode of service to bring such defendants into court; but there is nothing in those sections that excludes any other ordinary mode of service, so we think service within the district upon the president of a corporation of that kind is good service. In fact, it is provided by § 93 of the Code of Civil Procedure of Porto Rico, adopted in 1904, two years later than those sections, subhead 2, that "if the suit is against a foreign corporation or a nonresident joint-stock company or association, doing business and having a managing or business agent, cashier, or secretary within said island (the summons can be served on) such agent, cashier, or secretary, or on any station, ticket, or other agent of such corporation transacting business thereof in the district where the action is commenced; and if there is no such .

III. PORTO RICO—32.

agent in the said district, then service may be had upon any such agent in any other district."

We do not think that the words thus used in that paragraph,. "and if there is no such agent, etc.," are intended to be exclu-sive, because the mode of service upon a corporation formed under the local law is set out in the subhead immediately pre-ceding, and it provides that the summons can be given "to the president or other head of the corporation, secretary, cashier,. or managing agent thereof."

The second alleged reason for which it is claimed the cause should be dismissed is that plaintiffs are shown, by the allega-tions of the complaint, to be nonresidents of the district, in that. they are shown to be residents of the city and state of New York,. and that, because the defendant is a corporation of the state of Maine, its residence is in that state. That therefore, under the practice act of Congress of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. at L. 434, chap. 866, U.. S. Comp. Stat. 1901, p. 508), it must be sued in the district. of the residence of either plaintiff or defendant; that is, in the proper district in the state of New York, or in the state of Maine. The portion of the act of Congress last referred to reads as follows: "And no civil suit shall be brought before either of said courts [circuit and district courts of the United. States] against any person, by any original process or proceed-ing, in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

· It was admitted in the argument that the defendant corpora-tion has its principal place of business in Porto Rico, and has

Nevers & Callaghan v. Central Altagracia.

a designated agent here under the local statute, upon whom process can be served, etc., but it still insists that such fact does not prevent it from appearing specially and making this motion, and that, by such action, it does not waive its right to claim exemption from being sued in this court in Porto Rico, at least, by these nonresident plaintiffs.

It is unquestionably the law, and it may be admitted, that a special appearance to make this sort of a motion does not waive the personal exemption which a corporation would have under similar circumstances in any of the states of the Union. Platt v. Massachusetts Real Estate Co. 103 Fed. 705; Central Trust Co. v. McGeorge, 151 U. S. 129, 38 L. ed. 98, 14 Sup. Ct. Rep. 286; Citizens' Sav. & T. Co. v. Illinois C. R. Co. 205 U. S. 46, 51 L. ed. 703, 27 Sup. Ct. Rep. 425.

It may also be admitted that, under the law as applicable to courts of the United States in general, a corporation incorporated by a state of the Union cannot be compelled to answer to a suit in a state in which it is not incorporated and of which the plaintiff is not an inhabitant, although it has a place of business and has a general agent in that district. Shaw v. Quincy Min. Co. (Ex parte Shaw) 145 U. S. 444, 36 L. ed. 768, 12 Sup. Ct. Rep. 935; Re Keasley & M. Co. 160 U. S. 221, 40 L. ed. 402, 16 Sup. Ct. Rep. 273; Citizens' Sav. & T. Co. v. Illinois C. R. Co. supra.

The question as here presented is largely of first impression; and none of the decisions made by this court since its creation is exactly in point, nor does our decision in the Vallecillo y Mandry v. Bertran Case, 2 Porto Rico Fed. Rep. 46, nor any of the cases therein cited, nor even the recent great case of Sweeney v. Carter Oil Co. 199 U. S. 252, 50 L. ed. 178, 26 Sup. Ct. Rep. 55, throw any light upon the question now presented;

Nevers & Callaghan v. Central Altagracia.

so it may as well be admitted at once that, if this court has no broader jurisdiction than circuit and district courts in the several states of the Union, then this motion must be sustained, because, generally speaking, a nonresident plaintiff cannot sue a nonresident defendant in a United States court.

But we think, as we stated in our very recent opinion of Wood v. Valdés, post, 503, that what has now become well known in this island as the amendment of 1901 to the Foraker act (31 Stat. at L. 953, chap. 812) so widens the jurisdiction of this court that, in the language of the report of the committee of the United States Senate, when the amendment was passed, "the purpose of this amendment is to enlarge the jurisdiction as indicated, as to amount; and also, so as to embrace controversies where both parties or either of them are citizens of the United States, although they may be citizens of the same state of the United States."  And that therefore this court has jurisdiction to entertain this suit.

We are led, as stated in the Wood v. Valdés Case, supra, to this conclusion principally, of course, by the language of the amendment aforesaid, which is: "That the jurisdiction of the district court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties or either of them are citizens of the United States, or citizens or subjects of a foreign state or states, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of one thousand dollars."

We are brought to this view further by the decision of this court in Compañia Anónyma de la Luz Electrica v. Ponce R. & Light Co. 1 Porto Rico Fed. Rep. 218, and a later decision in Martinez de Hernandez v. Bertran y Casañas, 2 Porto Rico

Nevers & Callaghan v. Central Altagracia.

Fed. Rep. 5. In the first of these latter cases the plaintiff was a Spanish corporation and the defendant an American corporation. We are also strengthened in this view by the language of the Supreme Court of the United States in Ortega v. Lara, 202 U. S. 344, 50 L. ed. 1057, 26 Sup. Ct. Rep. 707, where it was held that this court had jurisdiction when the parties on both sides were subjects of the King of Spain; and because, in a still later decision (Garrozi v. Dastas, 204 U. S. 73, 51 L. ed. 376, 27 Sup. Ct. Rep. 224), it was stated by that court that, because of the obvious departure, as manifested by this amendment, from the principles controlling jurisdiction of United States courts as contradistinguished from a state court, the rule which demarks the line between courts of the United States and state courts, within the removal act, should not be held applicable to Porto Rico to the extent which might have obtained in the absence of the amendment.

We fully appreciate the weight of the argument made by counsel for this motion, that the portion of the act of 1888 upon which he depends has nothing to do with the jurisdiction, that it simply establishes a personal privilege of exemption from suit in certain places, and that the general acts relating to jurisdiction do not treat of residence, but of citizenship, and that it is citizenship which determines jurisdiction, and residence which determines the personal privilege of exemption, which latter may be waived, and that hence there is no logical connection between the enlargement of the jurisdiction and the abolishment of the privilege, and that the doing of the one thing does not imply the doing of the other, and that for this reason the statute establishing exemption has not been effected. Yet, if this were true in this case, in so far as nonresident corporations doing business in Porto Rico are concerned, even though their entire

Nevers & Callaghan v. Central Altagracia.

business should be located here, suits of one against the other would have to be brought in the district of the state of the plaintiff or of the defendant. In the light of the language of the Supreme Court of the United States above quoted and of the language of the committee of the United States Senate that reported the amendment we are speaking of, we do not think such was the intent of Congress; and, on the contrary, we do think the language of the amendment is broad enough to include the right plaintiffs are contending for here. Both parties are citizens of the United States, though of different states.

In fact, in our decision in Vallecillo y Mandry v. Bertran, 2 Porto Rico Fed. Rep. 49, supra, as will be seen, we looked with favor upon the proposition that this amendment gave the court jurisdiction in "controversies where all of both parties or all of either of them, are citizens of the United States, although [in the former case] they may be all citizens of the same state of the United States."

Therefore we are constrained to hold that the service in this case is not subject to the objection made against it, and that it is competent for the plaintiff here to sue this defendant in this court and compel it to answer. The motion will therefore be overruled, and it is so ordered, and the defendant will be required to answer within ten days.