## STEIDLE v. READING CO. (formerly PHILADELPHIA & R. RY. CO.).

Circuit Court of Appeals, Third Circuit. January 24, 1928.

Rehearing Denied March 9, 1928.

No. 3579.

**1. Appeal and error ⚖➝843(2)—Remark of court in dismissing suit that action should have been commenced in Pennsylvania held not to merit review on issue of jurisdiction.**

Remark of court, in dismissing suit brought in Federal District Court for District of New Jersey, that suit should have been brought in Pennsylvania, of which state parties were citizens, was not required to be considered in reviewing question of court's jurisdiction.

**2. Courts ⚖➝282(1), 284—Jurisdiction of federal courts over suits involving matters arising under Federal Constitution or laws extends to cases where citizenship of parties is identical (Jud. Code, § 24, as amended [28 USCA § 41]).**

Where matter in controversy involved in action arises under Constitution and laws of United States, Federal District Court has jurisdiction, under Judicial Code, § 24, as amended (28 USCA § 41), even if citizenship of parties is identical.

**3. Courts ⚖➝289—Federal District Courts may exercise jurisdiction between parties having identical citizenship in actions under Employers' Liability Act (Jud. Code, § 24, as amended [28 USCA § 41]; Employers' Liability Act [45 USCA § 51 et seq.]).**

Rule that jurisdiction of Federal District Court may be maintained, under Judicial Code, § 24, as amended (28 USCA § 41), where controversy arises under Constitution or laws of United States, even if parties' citizenship is identical, applies to actions under Employers' Liability Act (45 USCA § 51 et seq.; Comp. St. § 8657 et seq.).

**4. Courts ⚖➝270—"Citizen," for purpose of determining jurisdiction of federal courts, means "inhabitant."**

Word "citizen," as used in regard to jurisdiction of federal courts, is synonymous with "inhabitant," and includes the idea of domicile.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen; Inhabitancy—Inhabitant.]

**5. Courts ⚖➝314—Corporation is "inhabitant" of state of incorporation and may not be sued elsewhere in federal courts without its consent; "person" (Jud. Code, § 51 [28 USCA § 112]).**

Corporation is "person," and may be an "inhabitant," within meaning of Judicial Code, § 51 (28 USCA § 112), providing no civil suit shall be brought against any person in any other district than that where he is inhabitant, but corporation is citizen or inhabitant only of state

in which it is incorporated, and may not be sued elsewhere in federal courts, except with its consent; doing business in another state being insufficient to make corporation inhabitant of that state for purpose of jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

6. **Courts ⊜314—Federal District Court held without jurisdiction of suit under Federal Safety Appliance Act against corporation in district other than that of its incorporation, where Federal Employers' Liability Act was inapplicable (Federal Safety Appliance Act [45 USCA § 1 et seq.]; Judicial Code, § 24, as amended, and § 51 [28 USCA §§ 41, 112]; Federal Employers' Liability Act [45 USCA § 51 et seq.]).**

Federal court of district other than that of which defendant corporation was incorporated held without jurisdiction to entertain action arising under Federal Safety Appliance Act (45 USCA § 1 et seq.; Comp. St. § 8605 et seq.), on account of requirement of Judicial Code, § 24, as amended, and section 51 (28 USCA §§ 41, 112) whereby suits under Constitution and laws of United States must be brought in court of district of which defendant is inhabitant, notwithstanding suit was brought also under Federal Employers' Liability Act (45 USCA § 51 et seq.; Comp. St. § 8657 et seq.), and 45 USCA § 56 (Comp. St. § 8662), where proof of liability under such act failed.

7. **Courts ⊜325—Right of corporation sued in wrong district to challenge court's jurisdiction at trial held not waived by pleading to merits, where complaint showed jurisdiction (Federal Employers' Liability Act [45 USCA § 51 et seq.]; Federal Safety Appliance Act [45 USCA § 1 et seq.]).**

Where complaint in action for death under Federal Employers' Liability Act (45 USCA § 51 et seq.; Comp. St. § 8657 et seq.) and Federal Safety Appliance Act (45 USCA § 1 et seq.; Comp. St. § 8605 et seq.), stated cause of action within jurisdiction of Federal District Court of district other than that in which defendant corporation was organized, on account of provisions of Federal Employers' Liability Act, defendant, by entering general appearance and pleading to the merits, did not waive right to challenge jurisdiction of court at trial on ground that suit had been brought in wrong district, where lack of jurisdiction was disclosed for first time at trial by failure to prove that Federal Employers' Liability Act was applicable.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Action by John Steidle, administrator of Lewis J. Steidle, deceased, against the Reading Company (formerly the Philadelphia & Reading Railway Company). Order dismissing the suit, and plaintiff brings error. Affirmed.

Charles A. Ludlow and Ralph W. Botham, both of New York City, for plaintiff in error.

William V. Lee, and Edward L. Katzenbach, both of Trenton, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Lewis J. Steidle, a citizen of Pennsylvania, was an employee of the Philadelphia & Reading Railway Company, a corporation of the same state. Seeking damages for his death, Steidle's administrator brought this action (as he declared in the complaint) "under the provisions of the Federal Employers' Liability Act, and of the Federal Safety Appliance Act" (35 Stat. 65; Comp. Stat. § 8657 et seq. [45 USCA 51 et seq.]; 27 Stat. 531; Comp. Stat. § 8605 et seq. [45 USCA § 1 et seq.]), averring that the defendant was a common carrier engaged in interstate commerce and charging it with negligence in running a train at a high, excessive and dangerous rate of speed and in operating one of the cars with a brake so defective that its employee when attempting to use it was thrown from the car and killed.

At the trial the plaintiff failed to prove the jurisdiction of the court under the Federal Employers' Liability Act in that he did not prove the decedent was employed and the defendant was engaged in interstate commerce at the time of the accident. Philadelphia & R. R. Co. v. Berman (C. C. A. 3d) 295 F. 658. When, on this admitted failure of essential proofs, the court was about to dismiss the suit, the plaintiff, pointing to the statement in his complaint that the suit was brought under provisions of both the Federal Employers' Liability Act and the Safety Appliance Act, insisted that the court still had jurisdiction under the latter Act; reasoning that, by force of section 24 of the Judicial Code (USCA tit. 28, § 41, p. 32; Comp. Stat. § 991), a District Court has jurisdiction "where the matter in controversy * * * arises under the Constitution or laws of the United States"; that the Safety Appliance Act is a law of the United States; and the matter here in suit arose under that law. The court, nevertheless, withdrew the case from the jury and dismissed the suit for want of jurisdiction because the plaintiff had failed to prove that his decedent and the defendant were engaged in interstate commerce at the time of the accident and because, in the situation thus developed, this action brought in the District Court of the United States for the District of New Jersey disclosed that both parties were citizens of Pennsylvania,

stating, quite casually, that the suit should have been brought in that state.

[1] The plaintiff sued out this writ of error and assigned among other errors this statement of the court. Whether the suit should have been brought in Pennsylvania was not an issue in the case. The only matter decided in the order of the District Court to which this writ of error is directed was lack of the court's jurisdiction and, of course, that is the only matter to which we shall address discussion.

The argument in this court on review centered on two questions: One, whether the plaintiff, though pleading both the Federal Employers' Liability Act and the Safety Appliance Act, could, after trying his case under the former act and failing in the essential proofs of jurisdiction, shift his ground and recover under the latter act; the other, if so, whether he could even then recover in this action (admitting for purposes of the argument that it arose under the latter law of the United States) in view of the admitted facts that the plaintiff, as well as his decedent, was a citizen of the same state as that of the defendant and the suit was brought in a district whereof neither was an inhabitant.

[2, 3] The jurisdiction of the District Court in the case, as stated, rests in one respect on the provision of the Judicial Code (section 24 as amended; USCA tit. 28, § 41, p. 32), that District Courts shall have jurisdiction "where the matter in controversy * * * arises under the Constitution or laws of the United States." In interpreting this provision courts have uniformly held that when an action thus arises the jurisdiction of the District Court, *otherwise present*, may be maintained even if the citizenship of the parties be identical. USCA tit. 28, § 41, p. 156. Certainly this rule applies to actions under the Federal Employers' Liability Act and, for the purposes of this case, we shall assume without deciding that it applies equally to actions under the Safety Appliance Act. The case at bar was argued by the plaintiff as though that ends the matter and compels a decision (adverse to the order under review) that the District Court had jurisdiction. But we are still confronted with the question whether parties to an action who are citizens of the same state may sue and be sued in a District Court of a district in which neither is an inhabitant, even though the action arose under a law of the United States. The answer to that question—still a jurisdictional question—must be found in other statutes of the United States conferring jurisdiction on District Courts.

On a jurisdictional matter of this kind section 51 of the Judicial Code (USCA tit. 28, § 112, page 43) provides that " * * * no civil suit shall be brought in any District Court against any person * * * in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded *only* on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

[4, 5] Concededly, the action at bar is not founded on diversity of citizenship of the parties because, confessedly, both are citizens of the same state; the word "citizen" when used in this connection being synonymous with "inhabitant," Bogue v. Chicago, etc., R. Co. (D. C.) 193 F. 728, and including the idea of domicile, United States v. Gronich (D. C.) 211 F. 548. The applicable portion of the provision therefore must be the first part which forbids the bringing of a suit in any District Court against any person in any other district than that whereof he is an inhabitant. As the defendant corporation is a "person" within the meaning of the section, so also it may be an "inhabitant," Riddle v. New York, etc., R. Co. (C. C.) 39 F. 290; and it is a citizen or inhabitant only of the state in which it was incorporated, USCA tit. 28, § 112, pp. 48, 50, 51; and, except when otherwise specifically provided, it is not suable elsewhere without its consent, United States v. Northern Pacific R. Co. (C. C. A.) 134 F. 715; USCA tit. 28, § 112, p. 50. Doing business in a state other than that of its incorporation (as the defendant in this case, a corporation of Pennsylvania, is engaged in business in New Jersey), does not, broadly stated, make the corporation an inhabitant of that state for purposes of jurisdiction. USCA tit. 28, § 112, p. 50. To meet this recognized legal situation, some federal statutes provide that a corporation doing business in a state other than the state of its incorporation may be sued in that state. And this is particularly true of the Federal Employers' Liability Act (Comp. Stat. §' 8662 [45 USCA § 56]) which provides that an action under that act may be brought in a District Court of the United States not only in the district of the residence of the defendant, but also in the district "in which the cause of action arose or in which the defendant shall be doing business at the time of commencing such action." But the Safety Appliance Act does not con-

fer the same or similar jurisdiction upon District Courts. In fact, that act does not confer jurisdiction upon any District Court to try cases arising under it, except cases for penalties. It leaves the jurisdiction of District Courts where it found it when it came into existence, and that jurisdiction, assuming it be grounded on the fact that the case arose under the Federal Safety Appliance Law, is in the District Court of the district whereof the person sued is an inhabitant, just as in actions under other laws of the United States. See group of cases cited in USCA tit. 28, § 112, pp. 56, 57. Nor does the fact that the suit at bar was brought in part under the Federal Employers' Liability Act, in which by its terms recovery may be had for violations of the Safety Appliance Act, save the action under the latter act when the suit, first based on the former, fell for want of jurisdictional proofs. When the case based on the Federal Employers' Liability Act thus fell, all rights and advantages incident to an action under that statute fell with it. The only action that remained was the one founded on the Safety Appliance Act, and only the rights and advantages incident to an action under that statute, as though brought originally and solely under that statute, remained. Thus the question is restricted to the jurisdiction of the court to try the latter action, disassociated from the former.

[6, 7] We are constrained to hold (without regard to whether the plaintiff should have brought his action in a state or federal forum in Pennsylvania) that the District Court of the United States for the District of New Jersey, being a District Court in a district other than the district whereof the defendant is an inhabitant, was on that ground without jurisdiction to entertain the action arising (as it is claimed) under the Safety Appliance Act. Its order dismissing the suit must therefore be affirmed, unless, as the plaintiff contends, the defendant in entering a general appearance and pleading to the merits waived all right thereafter to challenge the jurisdiction of the court on the ground that the suit had been brought in the wrong district. St. Louis & San Francisco R. Co. v. McBride, 141 U. S. 127, 132, 11 S. Ct. 982, 35 L. Ed. 659; Ex parte Schollenberger, 96 U. S. 369, 378, 24 L. Ed. 853; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S. Ct. 286, 38 L. Ed. 98. This contention does not come within the rule of the cases cited to support it, for when the defendant answered the plaintiff's complaint it replied to a pleading which, though it disclosed that both parties were citizens of the state of Pennsylvania and that the accident had occurred in that state, showed by adequate averments that the court had full jurisdiction to try the action under the Federal Employers' Liability Act for a violation of the Safety Appliance Act. There was nothing the defendant could do but plead to the merits. When, however, the plaintiff's case fell apart because of his failure to sustain by evidence his jurisdictional averment under the Federal Employers' Liability Act that the decedent and defendant were engaged in interstate commerce at the time of the accident, the jurisdictional question as to his right to recover under the Safety Appliance Act alone appeared for the first time and immediately the defendant availed itself of the situation and raised that question by moving the court to dismiss the suit. That the defendant had not waived its right then to object to the jurisdiction of the court because it had pleaded to the merits when the plaintiff's complaint stated a case clearly within the court's jurisdiction is, we think, evident. Certainly, when lack of jurisdiction of the court was disclosed for the first time at the trial, the defendant was entitled to raise a question of jurisdiction unembarrassed by the circumstance that the plaintiff's false averment in the complaint had misled it into going to trial on the merits. Lehigh Valley Coal Co. v. Washko (C. C. A.) 231 F. 42; Lehigh Valley Coal Co. v. Yensavage (C. C. A.) 218 F. 547.

The order dismissing the suit is affirmed.

BUFFINGTON and DAVIS, Circuit Judges, concur.