**RUBENS v. ELLIS et al.**

No. 13855.

United States Court of Appeals
Fifth Circuit.

Feb. 27, 1953.

Frank S. Rubens, Phoenix, Ariz., for appellant.

W. C. Peticolas, El Paso, Tex. (Andress, Lipscomb & Peticolas, El Paso, Tex., of counsel) for appellees.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This suit was instituted August 13, 1951, in the United States District Court for the Western District of Texas, by the appellant Frank S. Rubens, a citizen of Arizona, against appellees John R. Ellis, Edgar E. Carson, and their respective wives, citizens of Texas, seeking a money judgment and other relief to which plaintiff claims he is entitled under the contracts hereinafter mentioned. The trial judge dismissed the complaint, apparently because he considered the plaintiff precluded by a judgment previously rendered by the United States District Court for New Mexico in another suit, to which this plaintiff was a party, in which the same matters were in issue and adjudicated against him. This appeal is from that order.

In substance, the present complaint alleges that the defendants, Ellis and Carson, and their wives, owned certain oil and gas leases on public lands in New Mexico; that plaintiff Rubens and his wife separately owned other like leases; that on September 17, 1949, these parties entered into pooling agreements by which Ellis and Carson, and their wives, agreed to assign to Rubens certain of said leases in order that Rubens could sell these leases, along with his own, to other persons. Rubens agreed to promote the drilling of a test well on one of the tracts, the expense of which would be paid initially by Rubens and ultimately deducted from the proceeds of the sales of said pooled leases, and that at the end of one year the net profits of the venture, and any unmarketed leases, would be equally divided between the parties. Pursuant to said pooling agreement Ellis and Carson, and their wives, assigned to Rubens 10,071.52 acres of oil and gas leases.

Rubens alleges that he performed his obligations under the contract; that he drilled a test well to a depth of 1098 feet at a cost of $15,776.49, and arranged for another party, one Frederick, to sink the well to the maximum contract depth of 3000 feet; that he, Rubens, had incurred additional obligations of $3,860.16 in promoting the joint-venture, for which he is entitled to reimbursement, but that the defendants, Ellis and Carson, refuse to reimburse him for said expense or to otherwise perform their agreement under the contracts, and that by filing a *lis pendens* notice against the lands upon which the well was being drilled, they prevented further performance of the drilling contract. Rubens seeks a money judgment against Ellis and Carson covering the sums expended by him, and other alternative relief.

The prior New Mexico suit was instituted by John R. Ellis and wife, citizens of Texas, against Frank S. Rubens and wife, and Paul G. Frederick, citizens of Arizona, Frederick being joined as the purported assignee of Rubens. Diversity jurisdiction clearly existed in the New Mexico court. The complaint in that suit alleged substantially the same facts as in the present suit, but the plaintiffs in that suit, Ellis and wife, charged that Rubens had wholly failed to comply with his obligations under the contract above mentioned, so that the plaintiffs in the New Mexico suit were entitled to a rescission of the drilling contract and a re-assignment of the oil and gas leases assigned by Ellis and Carson to Rubens. This complaint also alleges that the Ellises had previously acquired the interests of the Carsons, so that the Carsons were not made parties plaintiff. The complaint further alleged that Rubens' purported assignment of his leases to Frederick was without consideration, and colorable only.

Rubens answered the New Mexico complaint, denying many of its allegations. He also filed a counterclaim setting up substantially the same matters and seeking substantially the same relief sought by him here. Rubens, and his purported assignee Frederick, also moved to dismiss the New Mexico complaint on the ground that the Carsons were indispensable but absent parties to that suit.

The New Mexico court considered these motions and denied them. That court also heard and considered the merits of the controversy, finding in favor of the Ellises, and that Rubens had breached the drilling contract as alleged, further finding that the Carsons had in fact transferred their interests in the leases to the Ellises on

June 15, 1950, so that the Carsons were not necessary parties. Whereupon the New Mexico court, on June 8, 1951, entered final judgment on the merits, rescinding the drilling contract, cancelling the attempted assignment of the drilling contract and leases by Rubens to Frederick, and denying Rubens the relief sought in his counterclaim, which is substantially the same relief he now seeks in the present suit. There was no appeal from that judgment.

In the present suit, in which he is plaintiff, Rubens assails the New Mexico decree on the ground that the Ellises' allegation in that suit that they had acquired all of the interest of Carson and wife in the leases and contracts "was gross misrepresentation and deceit, and created by such misrepresentation and deceit a fraud upon the court in said (New Mexico) action," and that the New Mexico decree in favor of Ellis "was brought about by the misrepresentation and deceit perpetrated by Ellis upon the New Mexico court" in the respect just stated. The form of these allegations is wholly insufficient under Civil Rule 9(b), which requires that in all averments of fraud or mistake, the circumstances constituting such fraud or mistake shall be stated with particularity. We have here only a categorical assertion of fraud. Such an assertion amounts only to a conclusion, which is not admitted by the motion to dismiss the present complaint.

It appears, moreover, that the New Mexico court considered whether or not the Carsons were indispensable parties to the New Mexico suit and found that they were not, because they had assigned their interests to Ellis. That court had jurisdiction to make that finding. Even if this finding was wrong, which we do not intimate that it was, the judgment based thereon would be merely erroneous, not void as Rubens contends. It could, and should, be corrected on direct appeal, but it is not vulnerable to collateral attack in this suit, in a court of co-ordinate jurisdiction. Noble v. Union River Logging R. R., 147 U.S. 165, 13 S.Ct.

271, 37 L.Ed. 123; Evers v. Watson, 156 U.S. 527, 15 S.Ct. 430, 39 L.Ed. 520; New Orleans v. Fisher, 180 U.S. 185, 21 S.Ct. 347, 45 L.Ed. 485.[1]

In order to justify setting aside a decree for fraud, whether extrinsic or intrinsic, it must appear that such fraud really prevented the complaining party from making a full and fair defense. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 421, 43 S.Ct. 458, 67 L.Ed. 719, 728. The New Mexico record discloses that Rubens was fully heard in that suit on the question of whether the Ellises acquired the interests of the Carsons in the oil and gas leases.

Even if the venue of the first suit was improperly laid in New Mexico, as Rubens contends, instead of in Arizona where the defendants reside, or in Texas where the plaintiffs reside, 28 U.S.C.A. § 1391, that irregularity is not jurisdictional. It could be, and was, waived, not only by Rubens' failure to object, but also because Rubens affirmatively, by counterclaim, sought the aid of the New Mexico court. Neirbo Co. v. Bethlehem Ship Building Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; Central Trust Co. v. McGeorge, 151 U.S. 129, 14 S.Ct. 286, 38 L.Ed. 98. Improper venue would not render the judgment void.

The record in the New Mexico suit is attached as an exhibit to the motion to dismiss the complaint now under consideration. From that record it appears that Rubens sought by counterclaim, but was denied on the merits, the same relief he now seeks in the present suit. If the Texas court had proceeded in the present suit, it would be in effect reviewing the action of the co-ordinate New Mexico court. Had the Texas court granted the relief here sought by Rubens, it would have in effect overruled the decree of the New Mexico court, rendered with full jurisdiction, expressly finding against Rubens on the merits

---

1. Joining the Carsons as plaintiffs would not have disturbed the diversity jurisdiction of the New Mexico court. The Ellises and the Carsons, who would have been aligned together as plaintiffs, are citizens of Texas, while the Rubens, and their co-defendant Frederick in that suit, are citizens of Arizona.

418

of the same controversy here involved. It is clear that the controversy tendered by the present complaint became *res judicata* as to Rubens by the New Mexico decree, in which suit Rubens has had his day in court.

The doctrine of *res judicata* does not depend upon whether or not the prior judgment was right. It rests upon the finality of judgments as a matter of public policy, to the end that controversies once decided shall remain in repose. Bennett v. Commissioner, 5 Cir., 113 F.2d 837, 130 A.L.R. 369; Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A.L.R. 703; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L. Ed. 1244. The present suit is simply an effort to re-litigate the same matters between the same parties or their privies, in another court of co-ordinate jurisdiction. The action of the court below in dismissing the present complaint was correct.

Affirmed.